596 So.2d 800 (1992)
Darrin O'Neill McCLAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1469.
District Court of Appeal of Florida, First District.
April 8, 1992.
Nancy A. Daniels, Public Defender, Steven A. Rothenburg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
*801 WIGGINTON, Judge.
Appellant appeals his conviction, after jury trial, of two counts of robbery with a weapon. We affirm in part, reverse in part and remand for a new trial.
Appellant first asserts that the trial court erred in accepting as race neutral the state's reasons for exercising one of its peremptory challenges to strike a black juror, following defense counsel's objection to that strike under the authority of State v. Neil, 457 So.2d 481 (Fla. 1984). We affirm on that point, having concluded that appellant did not meet his burden of showing that the trial judge abused his broad discretion in this matter. See Files v. State, 586 So.2d 352 (Fla. 1st DCA 1991).
Appellant also challenges the trial court's denial of attempts by the defense to exercise peremptory challenges to strike white prospective jurors. During voir dire, after the trial judge had conducted the Neil inquiry into the state's striking of the black juror, the trial judge noted on the record that the defense had peremptorily stricken six white jurors. Thereupon, without further elaboration, sua sponte he called upon defense counsel to state his reasons for each of those strikes and ultimately disallowed four of the strikes on the ground that they were not race neutral. Comments made by the defense counsel indicate that only two non-whites were on the jury panel.
Appellant argues merely that the trial court erred in disallowing the defense's peremptory strikes because Neil does not apply to white prospective jurors as it does to blacks since whites are not members of a minority race. That argument has been rejected by this court in its recent decision in Elliott v. State, 591 So.2d 981 (Fla. 1st DCA 1991).
However, we note that the "initial presumption is that peremptories will be exercised in a nondiscriminatory manner." Neil, 457 So.2d at 486. A Neil inquiry shall be instituted only upon a demonstration on the record that the challenged jurors are members of a distinct racial group and that a strong likelihood exists that they have been challenged solely because of their race. In the absence of that demonstration and a corresponding finding by the trial judge of a substantial likelihood of racial discrimination, "no inquiry may be made of the person exercising the questioned peremptories." Id. Further, as recognized in Elliott, when peremptory challenges are being used to strike members of the majority race, a heavy burden to establish invidious racial motivation accompanies any attempt to deny, pursuant to Neil, the striking party's right to exercise its peremptory challenges.
In the instant case, our scrutiny of the record reveals no apparent basis for the trial judge's sua sponte institution of the initial Neil inquiry into the defense's exercise of the six peremptory challenges. Therefore, we must conclude that the defense was improperly denied, under the guise of Neil, its right to exercise peremptory challenges in a presumptively nondiscriminatory manner. Consequently, this cause is REVERSED and REMANDED for a new trial.
SMITH and MINER, JJ., concur.