PER CURIAM.
In this direct criminal appeal, appellant raises three issues: (1) whether the trial court erred when it concluded that the state had established the corpus delicti of the offense with which appellant was charged, and admitted appellant’s confession in evidence; (2) whether the trial court erred when it sustained the state’s Neil objections to certain of appellant’s peremptory challenges, allowing the challenged jurors to remain on the jury; and (3) whether the trial court erred when it sentenced appellant as an habitual violent felony offender. We affirm, without discussion, as to the first issue; reverse as to the second issue; and find it unnecessary to address the third issue.
During jury selection, appellant’s counsel challenged peremptorily five of the first seven potential jurors. The five challenged were all white. However, the remaining two were also white. The prosecutor objected, arguing that all of those challenged were white, and it appeared that appellant’s counsel was deliberately challenging white potential jurors so that he might reach the only two black potential jurors in the venire. (Appellant is black.) The trial court found “that there ha[d] been a facial showing of peremptory strikes being used for purely racial reasons,” and required appellant’s counsel to justify the challenges. After appellant’s counsel explained his reasons for having made the challenges, the trial court allowed two, but refused to permit the other three. Ultimately, those three jurors all served, and one of the three was selected foreman.
We believe that the trial court erred when it found that a sufficient showing had been made of a strong likelihood that the potential jurors had been challenged solely because of their race, and required appellant’s counsel to justify his challenges. We have held that, when one objects to peremptory challenges directed to members of the majority race, the objecting party must carry a heavier-than-normal burden to establish invidious racial discrimination. McClain v. State, 596 So.2d 800 (Fla. 1st DCA 1992), review dismissed, 614 So.2d 498 (Fla.1993); Elliott v. State, 591 So.2d 981 (Fla. 1st DCA 1991), review denied, 599 So.2d 658 (Fla.1992). Our review of the record leads us to conclude that the state failed to carry that burden. Moreover, even had the state met its initial burden, we believe that appellant’s counsel satisfied his burden of establishing that the challenges had been made for race-neutral reasons. See State v. Neil, 457 So.2d 481 (Fla.1984).
Because the trial court erroneously refused to permit appellant to exercise peremptory challenges, allowing three of the individuals challenged to serve on the jury that convicted appellant, we reverse and remand for a new trial. In light of this disposition, we find it unnecessary to address appellant’s third issue.
REVERSED and REMANDED, with directions.
BOOTH, SMITH and WEBSTER, JJ., concur.