RAMIREZ, J.
Jairo Josué Melendez appeals his conviction and sentence for attempted first degree murder. He urges reversal based on the improper refusal by the trial court to permit the exercise of a defense peremptory challenge of a juror who ended up serving as the foreperson. We determine that the trial court’s finding that the reasons given by defense counsel for the peremptory challenge were pretextual was not clearly erroneous.
Melendez is a Hispanic male, as was the victim. When Melendez exercised a peremptory challenge on juror James Green, the State objected because it was the fifth white male that the defense had stricken. In Melbourne v. State, 679 So.2d 759, 764 (Fla.1996), the supreme court explained that “[a] party objecting to the other side’s use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.”
In Florida, the First District has held that whites constitute a distinct racial group, but has stated that when one objects to peremptory challenges directed to *920 members of the majority race, the objecting party must carry a heavier-than-normal burden to establish invidious racial discrimination. See Rome v. State, 627 So.2d 45, 46 (Fla. 1st DCA 1993). See also McClain v. State, 596 So.2d 800, 801 (Fla. 1st DCA 1992); Elliott v. State, 591 So.2d 981, 986 (Fla. 1st DCA 1991). We do not believe that the analysis in Melbourne requires the higher threshold for “the majority race” set by the First District. Instead, we hold that whites constitute a distinct racial group like any other race and thus, the State fulfilled the first step as required by Melbourne.
“At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court’s focus in step 3 is not on the reasonableness of the explanation but rather its genuineness.” Melbourne, 679 So.2d at 764.
The defense gave two race-neutral reasons for striking juror Green. The trial court properly proceeded to “step 3” and found that the striking of juror Green was pretextual. Such a finding “turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous.” Melbourne, 679 So.2d at 764-65. As the Fourth District stated in Young v. State, 744 So.2d 1077, 1082 (Fla. 4th DCA 1999), in evaluating the “genuineness” of an explanation for striking a juror, a trial court must analyze a subjective issue, which incorporates credibility — “a matter solely within the purview of a finder of fact.” See also Reed v. State, 560 So.2d 203, 206 (Fla.1990) (in applying the law on peremptory challenges, “we must necessarily rely on the inherent fairness and color blindness of our trial judges who are on the scene and who themselves get a ‘feel’ for what is going on in the jury selection process.”) In this case, we conclude that the trial court did not err in finding that the strike was pretextual.
Affirmed.