599 So.2d 715 (1992)
Roderick Lorenzo WIMBERLY, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1871.
District Court of Appeal of Florida, Third District.
May 19, 1992.
*716 Bennett H. Brummer, Public Defender, and Marian Garcia, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard S. Fechter and Jacqueline M. Valdespino, Asst. Attys. Gen., for appellee.
Before FERGUSON, COPE and GODERICH, JJ.
COPE, Judge.
Roderick Lorenzo Wimberly appeals his convictions for armed robbery, false imprisonment, burglary of a structure, dealing in stolen property, and unlawful possession of a firearm while engaged in a criminal offense. We reverse.
The principal issue on appeal is whether the trial court erred by overruling a peremptory challenge exercised by Wimberly, and ordering the juror to be seated. We conclude that the trial court erred in so doing.
At the time of the trial, the court correctly ruled that Hispanics are a cognizable group for purposes of State v. Neil, 457 So.2d 481 (Fla. 1984). The trial court's position on that issue has subsequently been confirmed by this court's decision in Alen v. State, 596 So.2d 1083 (Fla. 3d DCA 1992), review pending, No. 79,542 (Fla.).
The trial court also was entirely correct in holding that the trial judge may seat a juror who has been improperly challenged within the meaning of Neil. That ruling has since been confirmed by the Florida Supreme Court's decision in Jefferson v. State, 595 So.2d 38 (Fla. 1992).
We part company with the trial court, however, in the decision to seat juror Arce at the trial in the present case. When the defense exercised a peremptory challenge against juror Arce, the court conducted a Neil inquiry. The defense argued that the juror was an armed guard for Brinks, and thus had an occupation which was very similar to that of being a police officer. In addition, the juror's car had been stolen the previous week.[1] We conclude that the stated reasons were ethnically neutral. See Adams v. State, 559 So.2d 1293, 1296 (Fla. 3d DCA), dismissed, 564 So.2d 488 (Fla. 1990). As the peremptory challenge should have been allowed, and as the juror sat on the jury which convicted the defendant, we reverse and remand for a new trial.
Because there must be further proceedings, we note the defense contention, and the State's concession, that the defendant could not be adjudicated guilty of both armed robbery and possession of a firearm during the commission of the same armed robbery. See Cleveland v. State, 587 So.2d 1145, 1146 (Fla. 1991); Davis v. State, 590 So.2d 496 (Fla. 3d DCA 1991).
Reversed and remanded for new trial.
NOTES
[1] Although other crime victims sat on the jury, their experiences with crime were much more remote in time than that of juror Arce.