650 So.2d 1021 (1995)
Juan BETANCOURT, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1095.
District Court of Appeal of Florida, Third District.
January 18, 1995.
*1022 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Consuelo Maingot, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.
SCHWARTZ, Chief Judge.
Regretfully, we must reverse multiple convictions for serious offenses which followed a lengthy and otherwise spotless trial because, based on a misguided application of Batson-Neil[1] principles, the trial judge erroneously refused to permit the exercise of a defense peremptory challenge.
The defendant is a Hispanic male who was charged with participating in the armed invasion of a well-known restaurant in Miami in which several customers and employees were robbed and a patron was shot and killed. One of his claims in defense was that he was coerced into the crime by his accomplices. In voir dire, a Hispanic prospective juror named Miguel Garcia stated that he had been the foreman of a previous criminal jury which had not reached a verdict in the case. After the defendant attempted to exercise a peremptory challenge against him, and in response to a demand by the prosecutor and court that he state a "race-neutral reason" for the strike,[2] defense counsel relied upon the fact that Garcia
indicated to me that he had been a foreman on a jury before.
He indicated to me that he was a person who was a leader and a person who I would not want on my jury.
The trial judge disallowed the challenge and Garcia served on the jury which convicted Betancourt of, among other things, first degree murder, attempted first degree murder, armed burglary and five counts of armed robbery.

*1023 I.
Our holding that overruling the attempted strike of Garcia was reversible error is essentially based upon the fact that there is no basis whatever for concluding that the challenge involved the evil proscribed by the Batson-Neil[3] rule; that is, that it was based on a "constitutionally impermissible prejudice," State v. Slappy, 522 So.2d 18, 20 (Fla. 1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), or racially motivated in any way. In this case, the Hispanic defendant challenged a Hispanic prospective juror. On the face of it  and there is nothing in the record to suggest otherwise  there would seem no basis for even implying a racial reason for Betancourt's not wanting Garcia to serve on his jury. See Portu v. State, 651 So.2d 791 (Fla. 3d DCA 1995). In this respect, the case is decisively unlike the overwhelming majority of cases  if not every case  in which a peremptory challenge has been disallowed under Batson and Neil. Typically  if not invariably  they involve situations in which the prospective juror belongs to a group whose general characteristics would seem to be adverse to the position of the challenger. E.g., J.E.B. v. Alabama ex rel. T.B., ___ U.S. ___, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994) (defendant's challenge to female juror in paternity action); Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (prosecution's challenge to black juror in case with black defendant); Slappy, 522 So.2d at 18 (same); State v. Neil, 457 So.2d 481 (Fla. 1984) (same); Abshire v. State, 642 So.2d 542 (Fla. 1994) (state's challenge to exclude women with male defendant); State v. Alen, 616 So.2d 452 (Fla. 1993) (prosecution's challenge to Hispanic juror in case with Hispanic defendant); Joseph v. State, 636 So.2d 777 (Fla. 3d DCA 1994) (state's challenge of Jewish venireperson in case with Jewish defendant). When, as here, there is no reason in common sense, legal intuition or the record to overcome "the presumption that peremptories will be exercised in a non-discriminatory manner," Neil, 457 So.2d at 486; State v. Johans, 613 So.2d 1319 (Fla. 1993), or to justify a finding of "discriminatory intent," which is the critical, indeed the only, issue in question, see Hernandez v. New York, 500 U.S. 352, 359, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395, 406 (1991), no strike may be countermanded. See Johans, 613 So.2d at 1321 (Neil inquiry required when objection raised that peremptory challenge is being used "in a racially discriminatory manner")[4]; Portu, 651 So.2d at 791.

II.
Furthermore, even assuming arguendo, and contrary to the thrust of our previous discussion, that a sufficient "race-neutral reason" was required, the one stated below was a perfectly satisfactory one. Defense counsel's distaste for Garcia's prior service as a jury foreman and thus as a potential "leader" reflects a commonly accepted part of the lore of jury selection. Thus, it is said in Wagner's Art of Advocacy:
All trial lawyers agree that they don't want any one juror to have a disproportionate say in the verdict or as to the amount of the award, and thus, they seek to exclude anyone who they feel will dominate the panel.
The "kingpin" may be someone with a very strong personality who tries to impose his will on others. In jurisdictions where the jurors select a foreman, you may wish to ascertain whether any juror has been a foreman during prior jury service, as this may indicate a kingpin personality.
*1024 Ward Wagner, Jr., Art of Advocacy-Jury Selection § 1.04[3] (1992). Because Garcia's status as a foreman and "leader" thus constitutes a legitimate, obviously "race-neutral" reason for the challenge,[5] the trial court abused its discretion in seating him for this reason as well. See Desroches v. State, 645 So.2d 1084 (Fla. 3d DCA 1994) (reversing denial of defendant's peremptory challenge based on inability of black juror to relate to black defendant's situation); Alexander v. State, 643 So.2d 1151 (Fla. 3d DCA 1994) (same, challenge based on inability to follow jury instructions and having police officers as family members); Pollock v. State, 634 So.2d 327 (Fla. 3d DCA 1994) (same, challenge based on unspecified race-neutral reasons); Barnes v. State, 620 So.2d 243 (Fla. 3d DCA 1993) (same, challenge based on prospective juror or juror's family members being victims of a crime); Williams v. State, 619 So.2d 487 (Fla. 1st DCA 1993) (same, challenge based on black juror being victim of robbery); Wimberly v. State, 599 So.2d 715 (Fla. 3d DCA 1992) (same, challenge based on occupation of Hispanic juror being similar to police officer); see also McClain v. State, 596 So.2d 800 (Fla. 1st DCA 1992) (same, trial judge's own objection to challenge of white prospective jurors), dismissed, 614 So.2d 498 (Fla. 1993); Washington v. State, ___ So.2d ___ [1994 WL 684008] (Fla. 1994) (upholding state's peremptory challenge of African-American juror based on opposition to death penalty); Reaves v. State, 639 So.2d 1 (Fla. 1994) (upholding challenge of Jewish juror based on perceived misunderstanding of burden of proof), cert. denied, ___ U.S. ___, 115 S.Ct. 488, 130 L.Ed.2d 400 (1994); Atwater v. State, 626 So.2d 1325 (Fla. 1993) (upholding state's peremptory challenge of sole black venireperson on grounds that juror had difficulty answering questions and was uncomfortable with death penalty), cert. denied, ___ U.S. ___, 114 S.Ct. 1578, 128 L.Ed.2d 221 (1994); Files v. State, 613 So.2d 1301 (Fla. 1992) (upholding challenge to exclude black female juror because she was divorced, had five children and was unemployed); Green v. State, 583 So.2d 647 (Fla. 1991) (upholding challenge of black juror based on concerns about death penalty and knowledge of a witness), cert. denied, 502 U.S. 1102, 112 S.Ct. 1191, 117 L.Ed.2d 432 (1992); Turner v. State, 645 So.2d 444 (Fla. 1994) (upholding challenge based on prospective juror's problems with definition of murder, discussions with co-worker about case and status as crime victim); Aikens v. State, 609 So.2d 764 (Fla. 3d DCA 1992) (upholding state's peremptory challenge of black venireperson on grounds that a close relative had been charged with a similar offense); Miller v. State, 605 So.2d 492 (Fla. 3d DCA 1992) (upholding state's peremptory challenge of black venireperson who had been personally charged with a crime), review denied, 613 So.2d 7 (Fla. 1993); Rose v. State, 492 So.2d 1353 (Fla. 5th DCA 1986) (upholding state's peremptory challenges of black jurors where one was a teacher and the other was acquainted with individuals at establishment frequented by alibi witness), review denied, 500 So.2d 545 (Fla. 1986).
Reversed and remanded for a new trial.
NOTES
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); State v. Neil, 457 So.2d 481 (Fla. 1984).
[2] The request for a "race-neutral" explanation was both made and, without objection acceded to, entirely on the basis that the challenge was to a juror who happened to be Hispanic. The parties and the court thus proceeded upon a mutual misunderstanding of State v. Johans, 613 So.2d 1319 (Fla. 1993), which governed this trial because it occurred after it was decided. Johans provides that a Neil inquiry is required only when "an objection is raised that a peremptory challenge is being used in a racially discriminatory manner." 613 So.2d at 1321. There was no such objection below and the record shows that none could have been raised in good faith.
[3] See supra note 1.
[4] In other words, contrary to what was assumed and occurred below, see supra note 2, the mere fact that a prospective juror is a member of one of the groups protected from intentional discrimination by one of the Batson-Neil decisions  as Garcia, a Hispanic, was covered by Alen  is not enough to allow the opposing litigant or the trial court to usurp the challenging party's discretion in exercising a peremptory challenge or even to require a "reasonable" basis for the strike. Portu v. State, 651 So.2d 792 (Fla. 3d DCA 1995); see Slappy, 522 So.2d at 22. These requirements apply only when it may rationally be determined that the juror's status is the reason for the challenge in the first place so that the proffered reason is a "pretext" or "subterfuge" to mask a forbidden motivation. Portu, 651 So.2d at 792; see Slappy.
[5] The ground was particularly applicable to this case in which Betancourt was attempting to show that he was a coerced "follower" of others, an argument which might not appeal to a "leader" or "kingpin." See Slappy, 522 So.2d at 22 (reason for challenge may be pretextual if it is "unrelated to the facts of the case").