651 So.2d 791 (1995)
Orlando PORTU, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1075.
District Court of Appeal of Florida, Third District.
March 8, 1995.
Bennett Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Stephanie G. Kolman and Roberta G. Mandel, Asst. Attys. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.

ON MOTION FOR CLARIFICATION GRANTED.
PER CURIAM.
Orlando Portu appeals his conviction and sentence for two counts of motor vehicle theft based on the lower court's denial of defense counsel's peremptory challenge of a juror who eventually served on the convicting jury panel. We reverse.
During jury selection, the defense counsel attempted to use a peremptory challenge to strike prospective juror Angela Wong De Lee. The prosecutor noted for the record that juror Lee was of Hispanic descent, but made no further comment or objection. On the face of it, an Hispanic defendant was challenging an Hispanic juror. There was nothing in the record to suggest a racial reason for Portu not wanting Lee to serve on his jury. Notwithstanding this, the trial court, on this assertion alone, then asked the defense its reasons for striking juror Lee. The defense replied that Lee answered slowly, had given brief answers to questions put to her, and did not seem to have a good grasp of the English language, all of which suggested to the defense that she would not *792 be able to fully understand the proceedings. The lower court judge responded that she had not noticed Lee experiencing any difficulty with the questioning, and did not allow defense counsel to use a peremptory challenge to strike Lee as a juror. Lee subsequently served on the jury that found the defendant guilty as charged to two counts of motor vehicle theft, for which he received two consecutive five-year prison terms.
In State v. Johans, 613 So.2d 1319 (Fla. 1993), the Florida supreme court made clear that from that time forward a Neil inquiry is required when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner. See State v. Neil, 457 So.2d 481 (Fla. 1984). If there is no timely objection indicating that a peremptory challenge is being used in a racially discriminatory manner, then there is no basis upon which to interfere with the defendant's right to exercise a valid peremptory strike. Johans, 613 So.2d at 1322. The Johans standard was held to be prospective in application; here, because all parties agree this is a post-Johans case, that is the standard we must apply.
In the instant case, following the presumption in Florida that peremptories will be exercised in a nondiscriminatory manner, the initial burden was on the state to create the inference that defense counsel's peremptory challenge was made for racially discriminatory reasons. See e.g. Batson v. Kentucky, 476 U.S. 79, 96, 106 S.Ct. 1712, 1722-23, 90 L.Ed.2d 69 (1986) (the objecting party must identify facts creating the inference that the opponent has impermissibly challenged potential jurors because of their group membership); Neil, 457 So.2d at 486; State v. Slappy, 522 So.2d 18, 22 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). Here, the state did not object to the defense's peremptory challenge of juror Lee, but merely noted on the record that Lee was "of Hispanic descent, and had spoken with a heavy Hispanic accent. See Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA 1995) (the mere fact that a prospective juror is a member of one of the groups protected from intentional discrimination by one of the Batson-Neil decisions is not enough to allow the opposing litigant or the trial court to usurp the challenging party's discretion in exercising a peremptory challenge or even to require a "reasonable" basis for the strike ... [t]hese requirements apply only when it may rationally be determined that the juror's status is the reason for the challenge in the first place so that the proffered reason is a "pretext" to mask forbidden motivation).
Here, no Neil inquiry was ever triggered because the state failed to supply the threshold information necessary for an objection to provoke judicial inquiry into the basis for a peremptory challenge. This particular peremptory challenge should have been granted without inquiry into defense counsel's reasons. See Betancourt, 650 So.2d at 1023 n. 4.
Accordingly, we reverse the defendant's convictions and sentences and remand to the lower court for a new trial.