PER CURIAM.
This is an appeal from a criminal proceeding which resulted in a guilty verdict. We find that the trial court erred in overruling the defendant’s peremptory challenge of a juror as the state did not make a proper objection to the peremptory strike in that it failed to demonstrate on the record that the challenged juror was a member of a distinctive racial group, and that there was a strong likelihood that the juror had been challenged solely on the basis of his race. Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA 1995); Portu v. State, 651 So.2d 791 (Fla. 3d DCA 1995) (on motion for clarification granted).[1]
Therefore, we reverse the adjudication and conviction under review and return the matter to the trial court for a new trial.
Reversed and remanded.

On Motion To Clarify Granted

PER CURIAM.
This is an appeal from a criminal proceeding which resulted in a guilty verdict. We find that the trial court erred in overruling the defendant’s peremptory challenge of a juror as the state did not make a proper objection to the peremptory strike in that it failed to demonstrate on the record that the challenged juror was a member of a distinctive racial group, or that defendant had exercised said challenge in a racially discriminatory manner. Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA 1995); Portu v. State, 651 So.2d 791 (Fla. 3d DCA 1995) (on motion for clarification granted).[1]
Therefore, we reverse the adjudication and conviction under review and return the matter to the trial court for a new trial.
Reversed and remanded.

. We note that these cases were decided subsequent to the trial in this matter.

. We note that these cases were decided subsequent to the trial in this matter.