On Motion to Reinstate

PER CURIAM.
On January 18, 1995, this court filed an opinion in the captioned case. Nine days later, on January 27, 1995, the state filed a copy of a notice to invoke the discretionary jurisdiction of the Florida Supreme Court pursuant to Florida Rule of Appellate Procedure 9.120 (1994). Following that event, on February 2, 1995, the appellant’s timely motion for clarification arrived and was ultimately determined and granted. In response to the appellant’s motion, the state contended that its filing of the notice to activate the discretionary jurisdiction of the Florida Supreme Court stripped this court of the power to act on the timely filed motion for rehearing. On March 8, 1995, this court granted and filed an opinion on the appellant’s motion for clarification.
The state continues to assert that we did not have jurisdiction to so act, citing to State v. Smulowitz, 486 So.2d 587 (Fla.1986). We do not understand that decision to so hold. Instead, it appears that our jurisdiction to rule on timely filed motions does not expire until we render an order disposing of the motion(s).
Florida Rule of Appellate Procedure 9.020(g) states that an order is “rendered” when a signed, written order is filed with the clerk of the court. If a motion for rehearing or clarification has been filed on that order, “the final order shall not be deemed rendered with respect to any claim ... until the filing of a signed, written order disposing of all such motions between such parties.” Rule 9.020(g)(1). Here, the appellant appropriately filed within the rehearing period; he had until February 2,1995, fifteen days from the January 18, 1995, rendering of the written opinion, to file a motion for clarification or rehearing. Rule 9.330, Fla.R.App.Pro. (1994). Until this court rendered a written order disposing of that timely filed motion, the state’s time period for filing a notice to invoke discretionary jurisdiction of the Supreme Court had not yet begun.[1] The juris *170 diction of the Florida Supreme Court is invoked, according to rule 9.120(b), upon the filing of a notice with the clerk of the district court within thirty days of rendition of the order to be reviewed, in this case, within thirty days of the March 8, 1995 order granting the appellant’s motion for clarification. See also rule 9.120, Fla.R.App.Pro., Committee Notes (1993).
The State argues that our jurisdiction was cut off nine days from rendition of the opinion, on January 25, 1995, when the State filed its notice to invoke discretionary jurisdiction, six days prior to the appellant’s timely filing of its motion for clarification pursuant to rule 9.330. Such an interpretation of the rules of procedure would entirely preclude a party from filing a timely motion for rehearing or clarification pursuant to rule 9.330 if the opposing party merely files a notice of discretionary review immediately after rendition of an order or opinion.[2]
The state’s notice to invoke the Supreme Court’s discretionary jurisdiction was premature. Moreover, it affirmatively appears from the files and records pending in this court that the Supreme Court of Florida has not yet accepted jurisdiction of the state’s original petition.
For the foregoing reasons, the state’s motion filed March 19, 1995[3] is denied.
SCHWARTZ, C.J., and NESBITT, J., concur.
BASKIN, J., concurs in the denial of the motion to reinstate original opinion.

. We remind the state that the face of orders and opinions issued by this court clearly provides that the order or opinion is "NOT FINAL UNTIL *170 TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DISPOSED OF.”

. Nevertheless, even if we arc powerless to act as the state contends, its position is no worse than it was prior to our original opinion. If the rule is merely one of policy, it would seem desirable for a district court to continue to act to clarify and rectify errors in an original opinion rather than cluttering the Supreme Court with needless plain conflict.

. This motion may be deemed to constitute an abandonment of the state’s petition for or discretionary review in the Florida Supreme Court. It is analogous to filing a notice of appeal and then seeking rehearing in the lower tribunal. Of course, this is not our prerogative to decide.