655 So.2d 194 (1995)
Hector Rafael GARCIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1028.
District Court of Appeal of Florida, Third District.
May 24, 1995.
Bennett H. Brummer, Public Defender, and Mark King Leban, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before BARKDULL, JORGENSON, and GERSTEN, JJ.
PER CURIAM.
Hector Rafael Garcia appeals from a judgment of conviction for trafficking, and conspiracy *195 to traffic in cocaine. For the following reasons, we reverse and remand for a new trial.
In an undercover police operation, defendant was alleged to have been the supplier of four kilograms of cocaine. The drug transaction occurred in a home where small children lived. During voir dire, the defense sought to exercise a peremptory challenge against juror Mary Paz. The State raised a Neil challenge to the strike. After noting that Ms. Paz was Hispanic, the trial court asked defense counsel to provide a race-neutral reason for the strike. The defense proffered that Ms. Paz worked for the school system, was the mother of small children, and was thus not likely to be able to render a fair verdict for the defendant. The trial court found these reasons pretextual and ordered Ms. Paz seated as a juror. She became the foreperson of the jury.
The trial court committed reversible error when it refused to allow the defense to strike juror Paz, as "there is no reason in common sense, legal intuition or the record to overcome `the presumption that peremptories will be exercised in a nondiscriminatory manner,' or to justify a finding of `discriminatory intent.'" Betancourt v. State, 650 So.2d 1021, 1023 (Fla. 3d DCA 1995) (citations omitted). In this case, as in Betancourt, defendant was Hispanic; the challenged juror was Hispanic; and there was no basis whatsoever in the record "for even implying a racial reason" for the strike. Id. Accordingly, we reverse the conviction, and remand for a new trial.
We must also reach the evidentiary issues raised on appeal, as these matters are likely to recur when defendant is tried again. Over the defendant's objection, the trial court allowed the State to introduce an empty holster[1] recovered from the defendant's car, and $880.00 in cash that defendant was carrying when he was arrested at the scene of the crime. The trial court abused its discretion in admitting the holster and the cash, as neither was relevant to any portion of the case. See Sosa v. State, 639 So.2d 173, 174 (Fla. 3d DCA 1994) (ammunition found in defendant's vehicle erroneously admitted where "[n]o weapon was found, no ballistics tests performed, and no link whatsoever established between these rounds and the case at bar."); Huhn v. State, 511 So.2d 583 (Fla. 4th DCA 1987) (weapon not connected to crimes with which defendant charged was not admissible); Lowder v. State, 589 So.2d 933, 936 (Fla. 3d DCA 1992) (inference of criminal activity does not arise from possession of relatively small amount of cash).
We find no error in the trial court's denial of defendant's request to re instruct the jury that "the existence of the conspiracy and each member's participation therein must ultimately be proven by evidence independent of the coconspirator statements." The court gave the cautionary instruction just before the coconspirator's statements were introduced, but did not repeat the instruction when charging the jury at the end of the trial. The instruction is "geared to apprise the jury regarding the admission of hearsay evidence before, or at the time, it is admitted." Eaton v. State, 410 So.2d 933, 934 (Fla. 4th DCA 1981) (emphasis added), approved, 438 So.2d 822 (Fla. 1983); see also Tresvant v. State, 396 So.2d 733, 737 n. 7 (Fla. 3d DCA) (instruction to be given at outset of case or prior to admission of testimony), rev. denied, 408 So.2d 1096 (Fla. 1981). We are aware of no statutory or constitutional basis for requiring the trial court to remind the jury of an earlier-given instruction on the relative weight to accord a coconspirator's hearsay testimony.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] There was no evidence connecting the holster to any weapon recovered from the scene of the drug transaction. Moreover, the State conceded that there was no basis to charge defendant with armed trafficking.