PER CURIAM.
Ludwig Barquin appeals from a judgment of conviction for robbery based on the lower court’s denial of defense counsel’s peremptory challenge of a juror who eventually served on the convicting jury panel. For the following reasons, we reverse and remand for a new trial.
Defendant was charged with robbing the victim of his wallet and jewelry. At the outset of jury selection, defendant challenged the entire panel as not containing any of his peers — young, Hispanic males like himself. The trial court denied the challenge and voir dire commenced. Defendant then exercised seven peremptory challenges against both male and female, Hispanic and non-Hispanic jurors. The State raised Neil objections to each of these challenges. The court accepted defendant’s nonpretextual reasons for five of these challenges but rejected the proffered rationale for and denied defendant’s request to strike two jurors. One of these, Mr. Ruiz, was a Hispanic male. During jury selection, the State merely indicated that it was “requesting a Neil inquiry” without alleging that the challenge of juror Ruiz was discriminatory in any manner. At the court’s request, the defense supplied its nonpretextual reason for striking Mr. Ruiz: that Mr. Ruiz’s ex-wife had been the victim of a purse snatching.
The trial court committed reversible error when it refused to allow the defense to strike juror Ruiz. A Hispanic male defendant’s attempt to strike a Hispanic male juror by itself presents “no reason in common sense, legal intuition or the record to overcome ‘the presumption that peremptories will be exercised in a nondiscriminatory manner,’ or to justify a finding of ‘discriminatory intent.’” Betancourt v. State, 650 So.2d 1021, 1023 (Fla. 3d DCA 1995) (citations omitted). Accordingly, we reverse the conviction, and remand for a new trial.
Reversed and remanded for a new trial.