SCHWARTZ, Chief Judge
(dissenting).
In my view, the state made no record showing whatever — either in its initial objection to the peremptory challenge in question or in the colloquy which followed — to satisfy the Neilr-Batson threshold that the juror was being challenged “solely because of [her] race” or that the strike was “being used in a racially discriminatory manner.” Windom v. State, 656 So.2d 432 (Fla.1995). Under Windom, Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA 1995), review denied, 659 So.2d 272 (Fla.1995) and Portu v. State, 651 So.2d 791 (Fla. 3d DCA 1995), therefore, it was inappropriate even to require the presentation of a “race neutral” reason for the challenge and reversible error to disallow it on the ground that the proffered explanation was unsatisfactory. On this basis, therefore, I would reverse for a new trial.