660 So.2d 792 (1995)
Jose CRUZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1029.
District Court of Appeal of Florida, Third District.
September 20, 1995.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.
Before NESBITT, GERSTEN, and GODERICH, JJ.
NESBITT, Judge.
Jose Cruz appeals his convictions and sentences for armed burglary, armed kidnapping, and two counts of armed robbery. We affirm the convictions but reverse in part for resentencing.
The defendant was arrested and charged with participating in a home invasion robbery. At voir dire, the prosecution stated, "Judge, at this time we would exercise  I mean we would ask the court to inquire regarding the reason for striking Ms. , what was the last one, Garcia-Kostik. The defense has now strike (sic) four Latin women." The judge then asked the defense counsel why he had stricken this particular juror, *793 and found the answer insufficiently race-neutral to allow the peremptory strike to stand. Juror Garcia-Kostik subsequently served on the jury that convicted the defendant.
The appellant argues that the court erred when it disallowed the defense peremptory strike against juror Garcia-Kostik, because the prosecution did not meet the threshold criteria for challenging this peremptory strike by requesting a Neil inquiry. See State v. Neil, 457 So.2d 481 (Fla. 1984). We disagree.
Neil inquiries are now governed by the standard set forth in State v. Johans, 613 So.2d 1319 (Fla. 1993). Pursuant to Johans, in order to properly invoke a Neil inquiry the objecting party must make a timely objection, and create the fact-supported inference that a peremptory challenge is being used in a racially discriminatory manner. See Johans, 613 So.2d at 1322; Portu v. State, 651 So.2d 791 (Fla. 3d DCA 1995) (on motion for clarification granted), reinst. denied, 654 So.2d 169 (Fla. 3d DCA 1995); see also, Batson v. Kentucky, 476 U.S. 79, 96, 106 S.Ct. 1712, 1722-23, 90 L.Ed.2d 69 (1986).
Here, the prosecution created an inference that the peremptory challenge was being used in a racially discriminatory manner by explaining that the defense had already peremptorily struck four Latin women from the venire. The prosecution's objection to the defense peremptory meets the Johans test because the objection was timely, and was substantiated with facts showing the predicate or action which reasonably indicated impermissible use of peremptory strikes against a distinct racial group. The court correctly engaged in a Neil inquiry, and the record reveals that the judge reasonably concluded that the reason given was pretextual.
Furthermore, the record shows that the defense did not at any time object to the prosecution's request for a Neil inquiry, or thereafter to the appointment of juror Garcia-Kostik to the panel, but rather affirmatively accepted the jury panel without any reservation. Acceptance of the jury panel under these circumstances created an abandonment or waiver of any earlier objection the defense could have made to the Neil inquiry before the jury was sworn. See Joiner v. State, 618 So.2d 174 (Fla. 1993).
We acknowledge the opinions of Barquin v. State, 654 So.2d 1069 (Fla. 3d DCA 1995), Garcia v. State, 655 So.2d 194 (Fla. 3d DCA 1995), and Portu v. State, 651 So.2d 791 (Fla. 3d DCA 1995), but find them factually distinguishable from the case at hand and therefore inapplicable. In Barquin and Portu, the State raised Neil inquiries, but without alleging that the challenge of the particular juror was discriminatory in any manner. In Garcia, the Neil inquiry was properly engaged, but this court, following Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA 1995), found that there was no basis in the record for implying any racial reason for the strike. In contrast to the above-mentioned opinions, the State in the instant case went a crucial step further in its demand for a Neil inquiry by supplying a fact-supported predicate inference of a racially discriminatory peremptory challenge. This fact-based support was sufficient to meet the threshold Johans test for invoking a proper Neil inquiry.
As for the defendant's sentences, the state correctly confesses error. The defendant's consecutive habitual offender life terms for armed robbery are illegal, as the two offenses arose out of the same criminal episode, and those convictions must be resentenced to run concurrently. See Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). The defendant's sentences for armed burglary and armed kidnapping remain undisturbed. The defendant's further points are without merit.
Affirmed in part, reversed and remanded in part for resentencing.
GODERICH, J., concurs.
GERSTEN, Judge (dissenting).
I respectfully dissent. I understand the majority's position; however I believe that recent cases out of this district compel a different result. See Garcia v. State, 655 So.2d 194, 20 Fla. L. Weekly D1258 (Fla. 3d DCA May 24, 1995); Barquin v. State, 654 So.2d 1069, 20 Fla. L. Weekly D1248 (Fla. 3d *794 DCA May 24, 1995); Portu v. State, 651 So.2d 791 (Fla. 3d DCA 1995). These cases are dispositive of the issue on appeal and this Court is bound to follow the law of this district. Therefore, I would reverse.