PER CURIAM.
Braulio Ernesto Amores appeals his convictions and sentences for armed burglary, armed kidnapping, two counts of armed robbery, and one count of armed sexual battery. We affirm the convictions but remand for correction of the sentences ordered.
Amores claims the lower court erred when it required him, under State v. Neil, 457 So.2d 481 (Fla.1984), to provide his reasons for exercising a peremptory challenge and subsequently disallowed that challenge. However, because “he affirmatively accepted the jury immediately prior to its being sworn without reservation of his earlier-made objection,” the issue has not been preserved for review. Joiner v. State, 618 So.2d 174, 176 (Fla.1993); Portela v. State, 661 So.2d 932 (Fla. 3d DCA 1995); Cruz v. State, 660 So.2d 792 (Fla. 3d DCA 1995).
We agree however, and the state concedes, that error occurred with respect to the defendant’s sentences. “[O]nce the sentences from multiple crimes committed during a single criminal episode have been en *49 hanced through the habitual offender statutes, the total penalty should [not] then be further increased by ordering that the sentences run consecutively.” Hale v. State, 630 So.2d 521, 524 (Fla.1993); see Cruz, 660 So.2d at 793. Because Amores’ two armed robbery convictions arose out of a single criminal episode, that portion of the trial court’s order which made the habitual offender sentences for each armed robbery run consecutively was error. On remand, the order should be corrected so that the armed robbery sentences run concurrently.
Affirmed in part, and remanded for correction of the error outlined herein.