SCHWARTZ, Chief Judge.
The defendant’s conviction for grand theft from her employer is reversed for a new trial because of the erroneous disallowance of a defense peremptory challenge to a prospective juror. This result is required both because (a) the prosecutor’s simple declaration that the “state is requesting a neutral reason” after the strike was attempted was, without more,[1] insufficient to trigger a Neil inquiry, see Windom v. State, 656 So.2d 432 (Fla.1995), cert, denied, — U.S. —, 116 S.Ct. 571, — L.Ed.2d — (U.S. Case no. *1083 95-6232, Dec. 4, 1995); State v. Johans, 613 So.2d 1319 (Fla.1993); Portu v. State, 651 So.2d 791 (Fla. 3d DCA 1995), review denied, 658 So.2d 992 (Fla.1995); Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA 1995), review denied, 659 So.2d 272 (Fla.1995); compare Cruz v. State, 660 So.2d 792, 793 (Fla. 3d DCA 1995) (“[I]n order to properly invoke a Neil inquiry the objecting party must make a timely objection, and create the fact-supported inference that a peremptory challenge is being used in a racially discriminatory manner.”), and (b) the basis for the challenge as proffered by defense counsel— that, like the victim, the prospective juror was the owner of his own business with employees like the defendant — was a perfectly satisfactory race-and gender-neutral reason based on the facts of the case which fully justified the strike. Smith v. State, 662 So.2d 1336 (Fla. 2d DCA 1995); Melbourne v. State, 655 So.2d 126 (Fla. 5th DCA 1995), review granted 662 So.2d 932 (Fla. Case no. 86,029, October 16, 1995); Betancourt, 650 So.2d at 1021; Wimberly v. State, 599 So.2d 715 (Fla. 3d DCA 1992).
Reversed.

. The record does not even establish the juror's race or ethnicity.