664 So.2d 1114 (1995)
Edward PRIDE, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1969.
District Court of Appeal of Florida, Third District.
December 13, 1995.
*1115 Bennett H. Brummer, Public Defender, and Joseph R. Gomez, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Angelica D. Zayas, Assistant Attorney General, for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Edward Pride, appeals his convictions for sexual battery, claiming the trial court erred in conducting Neil inquiries for peremptorily challenged jurors. We reverse because the trial court improperly conducted a Neil inquiry.
During a voir dire sidebar, appellant attempted to peremptorily backstrike a prospective juror. As the trial court continued to ask appellant's approval on other jurors, the State noted, "She [the prospective juror] is both a woman and a [sic] Cuban heritage." The State said nothing more. Appellant immediately justified his challenge, stating: the juror was inattentive, unresponsive, and dishonest, had looked at appellant with "horror," and had described appellant's appearance as "funky."
Determining that appellant failed to give "a race neutral reason" for backstriking the juror, the trial court seated the juror and denied appellant's motion to strike the entire jury panel. The jury found appellant guilty.
Appellant asserts, inter alia, that the trial court denied him a fair trial by refusing to honor his peremptory backstrike. The State contends that the trial court properly found appellant's backstrike to be discriminatory and properly seated the juror.
The trial court should conduct a Neil inquiry only after the non-challenging party makes a timely objection, identifies the prospective juror as a member of a cognizable class, and demonstrates record facts which reasonably indicate the impermissible use of a peremptory strike. Windom v. State, 656 So.2d 432 (Fla. 1995); Cruz v. State, 660 So.2d 792 (Fla. 3d DCA 1995); see State v. Neil, 457 So.2d 481 (Fla. 1984). The non-challenging party must satisfy each of these prongs for a Neil inquiry to be warranted. See State v. Johans, 613 So.2d 1319 (Fla. 1993); State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); Cruz, 660 So.2d at 792-93.
Here, at best, the State identified the juror as a member of alternative cognizable classes. However, this is not enough to warrant inquiry without a formal, evidentiary-like objection to appellant's use of the peremptory. Merely requesting a Neil inquiry, asking for gender- or race-neutral reasons for the peremptory, or observing for the record that the peremptory seems discriminatory is not sufficient. Portu v. State, 651 So.2d 791 (Fla. 3d DCA), rev. denied, 658 So.2d 992 (Fla. 1995); Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA), rev. denied, 659 So.2d 272 (Fla. 1995); see Garcia v. State, 655 So.2d 194 (Fla. 3d DCA 1995); Barquin v. State, 654 So.2d 1069 (Fla. 3d DCA 1995).
This record indicates the trial court did not conduct a traditional Neil inquiry by formally prompting the challenging party to justify on the record its peremptory strike. Instead, appellant began arguing why it chose to backstrike the prospective juror immediately after the State noted the juror's gender and cultural heritage.
However, the trial court relied on appellant's justifications in determining failure to give a race-neutral reason for challenging the prospective juror. In doing so, the trial court entertained reasons and justifications which should not be probed, absent a proper objection. See Garcia, 655 So.2d at 195. The fact the trial court ultimately found the *1116 justifications discriminatory is immaterial where the threshold requirements of a Neil inquiry were not met. In essence, its finding was based upon waters best left uncharted.
Although they have suffered the slings and arrows of outrageous fortune, peremptories are not dead. Johans, 613 So.2d at 1322; cf. William Shakespeare, The Tragedy of Hamlet act 3, sc. 1. Accordingly, appellant's peremptory strike should have been honored from the onset, and the prospective juror should not have been seated.
Reversed and remanded for a new trial.