766 So.2d 485 (2000)
Wilbert BROWN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3295.
District Court of Appeal of Florida, Fifth District.
September 22, 2000.
*486 Joseph Alexander Scarlett, III, DeLand, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
Brown was a passenger in a vehicle stopped for a traffic infraction. When Brown opened the glove compartment to retrieve the vehicle registration, the officers observed a handgun and ordered all occupants to vacate the vehicle. Gainous, the back seat passenger, fled the scene. In searching for additional weapons, the officers discovered 154 grams of cocaine. Gainous, who had subsequently been apprehended, testified at trial that Brown had thrown the cocaine back to him when the officers stopped the vehicle. Brown was convicted of trafficking in cocaine. He appeals; we affirm.
First Brown contends that it was error for the court to have admitted into evidence the fact that he was found to have $900 on him at the time of his arrest. He cites Lowder v. State, 589 So.2d 933 (Fla. 3d DCA 1991), and Garcia v. State, 655 So.2d 194 (Fla. 3d DCA 1995)[1], for the proposition that such evidence is inadmissible. In Lowder, the objection was to permitting a police officer to testify that there is a correlation between narcotics sales and cash in people's pockets. The appellate court held it error to permit the officer, as an expert, to testify as to the relationship between possessing $1,200 in cash and dealing in narcotics. We agree that someone can have a relatively large sum of money on him and not be a drug dealer. But that does not mean that having a relatively large sum of money while being in possession of a relatively large stash of cocaine is irrelevant to the issue of drug trafficking. Indeed, the Lowder court held:
Further, the defendant's possession of cash was nonexpert evidence the jury was free to consider, along with other competent evidence such as the amount, condition, sources, and given reasons for carrying the currency, in a commonsense resolution of the disputed issue.
589 So.2d at 936.
We find no error in the court's admitting this evidence.
*487 Brown next argues that the court erred in admitting the cocaine into evidence because the discrepancy in its weight when measured at the police station and at the testing laboratory indicates tampering. We agree that the testimony of the Crime Lab Analyst that the bags delivered to her showed all the appropriate markings and no signs of tampering justifies the trial court's determination that no tampering occurred.
We find no error in this regard.
Finally, we agree that the trial court did not err in denying a new trial because of newly discovered evidence. After trial, Jones, a bail bondsman, asserted that in response to his question to Gainous that Gainous told him that Brown had nothing to do with the drugs. Gainous allegedly stated that the other occupants of the vehicle had merely given him (Gainous) a ride on the occasion of the arrest. This is not a recantation of testimony; it is merely hearsay. This question and answer session allegedly took place before Brown's trial and ended with Gainous allegedly telling Jones that he (Gainous) would "do whatever I have to do to straighten this out." At trial, Gainous testified that the drugs were Brown's. We agree with the trial court that this hearsay, even if admissible, would not have changed the outcome of the trial.
AFFIRMED.
PETERSON and GRIFFIN, JJ.,concur.
NOTES
[1] The only facts that we can glean from Garcia is that Garcia was found at the scene of the crime in possession of $880. The court held that admitting this fact into evidence was error, citing Lowder for the proposition that possession of a relatively small amount of cash does not raise an inference of criminal activity. But we are not here talking about an inference. We are talking about facts that taken together with other facts may convince a jury that a charged crime occurred. If one buys or sell drugs, one might expect that some cash would be present. The existence of cash is not decisive nor does it create an inference. But it is a fact and it is admissible and may be considered by the jury.