*928 WOLF, J.
Appellant seeks review of his conviction for trafficking in cocaine. Appellant raises seven issues on appeal. We determine one issue requires reversal. Specifically, under the unique facts of this case, we find the trial court erred in granting the State’s motion in limine precluding defense counsel from asking appellant whether he had ever been arrested. We also address two other issues to provide guidance to the trial court on remand.
Appellant was stopped while driving and after consenting to a search of his vehicle, the arresting officer found approximately 270 grams of cocaine in individually wrapped plastic baggies in the center console of his vehicle. The entire stop and search of the vehicle was videotaped by a camera mounted on the officer’s "windshield. On the videotape, the officer can be heard asking appellant if he had ever been arrested. At the time the question was asked, appellant was off camera, but the audio feed of the tape evidenced no audible response to the question. At trial, the State chose to play the entire video of the stop for the jury and presented it with a transcript of the taped conversation. The video and the transcript included the unanswered question regarding appellant’s prior arrest history.
Further, at trial the State admitted, over appellant’s objection, evidence establishing appellant was carrying $1000 in cash on his person at the time he was arrested. At the close of the State’s evidence, appellant announced his intention to testify. At this point, the State filed a motion in limine seeking to exclude any questioning regarding appellant’s lack of a prior arrest record. Appellant asserted he was entitled to clear up any confusion regarding whether he had been previously arrested because the State had created an ambiguity on the issue by playing the tape of the stop in its entirety. Disagreeing with appellant, the trial court granted the State’s motion in limine. In his testimony, appellant asserted he had no knowledge of the cocaine in his vehicle and that several individuals had access to his car in the days preceding the stop. The jury convicted appellant as charged.
The first issue we address is whether the State opened the door to otherwise inadmissible evidence when it chose to play the entire videotape recording of the traffic stop which ended with appellant’s arrest. We hold the contents of the videotape opened the door for appellant to present evidence regarding his lack of an arrest history. Thus, we conclude the trial court erred in barring this evidence, and because this error was not harmless, we reverse and remand for a new trial.
A trial court’s ruling on an evi-dentiary issue is reviewed under an abuse of discretion standard. Hudson v. State, 992 So.2d 96, 109 (Fla.2008). Ordinarily, evidence that appellant had never been arrested would be inadmissible in Florida. See Welch v. State, 940 So.2d 1244 (Fla. 2d DCA 2006); Wrobel v. State, 410 So.2d 950, 951 (Fla. 5th DCA 1982). However, “ ‘[a]s an evidentiary principle, the concept of ‘opening the door’ allows the admission of otherwise inadmissible testimony to ‘qualify, explain, or limit’ testimony or evidence previously admitted. The concept of ‘opening the door’ is ‘based on considerations of fairness and the truth-seeking function of a trial.’ ” Lawrence v. State, 846 So.2d 440, 452 (Fla.2003) (quoting Rodriguez v. State, 753 So.2d 29, 42 (Fla.2000)). This principle is triggered when one party’s evidence presents “an incomplete picture” and fairness demands the opposing party be allowed to “follow up in order to claiify ... and make it complete.” Hudson, 992 So.2d at 110. See Crumbie v. State, 16 So.3d 893, 895 (Fla. 1st DCA *929 2009); Washington v. State, 758 So.2d 1148, 1155 (Fla. 4th DCA 2000); James v. State, 388 So.2d 35, 36 (Fla. 5th DCA 1980).
In this case, the State opened the door to evidence of appellant’s lack of arrest history when it played the entire videotape of the stop for the jury. The State, by planting the officer’s unanswered question in the minds of the jury, a question otherwise barred by the rules of evidence, created the misimpression appellant had been previously arrested. Benefited by this negative inference and anticipating appellant would try to rebut it, the State then moved in limine to exclude any evidence relating to the subject of appellant’s arrest history. The evidentiary principle of “opening the door” protects the goals of fairness and truth-seeking permeating a trial from being overcome by these kinds of adversarial games. The trial court eri'ed by not granting appellant an opportunity to “ ‘qualify, explain, or limit’ ” the incomplete picture depicted in the videotape and clarify for the jury whether he had been previously arrested.* Lawrence, 846 So.2d at 452 (quoting Rodriguez, 753 So.2d at 42).
Further, the error was not harmless. The harmless error test places the “burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Appellant’s defense that he was unaware of the presence of the drugs in his vehicle rested solely on his credibility. Namely, if the jury had believed him, no matter how implausible his story in light of all other circumstantial evidence, he would have been acquitted. Thus, the State has not proven beyond a reasonable doubt the jury was not affected or influenced in reaching its guilty verdict by the insinuation appellant had been previously arrested. Therefore, we reverse.
Second, appellant asserts it was error to allow evidence establishing he was carrying over $1000 on his person at the time of his arrest as this evidence was irrelevant as to guilt. Florida case law establishes cash found on a defendant is irrelevant to prove a possession of contraband charge. See generally Jackson v. State, 570 So.2d 1388 (Fla. 1st DCA 1990); Buitrago v. State, 950 So.2d 531, 532 (Fla. 4th DCA 2007); Ferguson v. State, 697 So.2d 979 (Fla. 4th DCA 1997). However, while cash found on the person at the time of arrest may not be admissible to prove simple possession, it is relevant to prove the charge of trafficking.
Appellant cites both Lowder v. State, 589 So.2d 933 (Fla. 3d DCA 1991), and Garcia v. State, 655 So.2d 194 (Fla. 3d DCA 1995), for the proposition that the underlying evidence is inadmissible, yet neither of those cases mandates reversal here. In Loivder, the objection was not to the cash itself being admissible, but to the State’s attempt to call an officer to testify in his expert opinion that there existed a relationship between the defendant’s possession of $1900 in cash and his dealing in narcotics. 589 So.2d at 935-36. In Loivder, the court expressed concerns that this type of testimony’s probative value was outweighed by its prejudicial effect. Id. However, the Loivder court expressly not *930 ed that testimony concerning cash found on the defendant would be admissible, stating:
the defendant’s possession of cash was nonexpert evidence the jury was free to consider, along with the other competent evidence such as the amount, condition, sources, and given reasons for carrying the currency, in a common-sense resolution of the disputed issue.
Id. at 936.
Further, while Garcia generally asserts the $880 found on the defendant in a trafficking case was not “relevant to any portion of the case,” 655 So.2d at 195, the opinion does not provide the facts of that case or elaborate as to why the cash would be irrelevant. In addition, the Garcia court cited Lowder for support, erroneously concluding Lowder stood for the proposition that an “inference of criminal activity does not arise from possession of a relatively small amount of cash.” Id. As noted above, Lowder does not stand for this proposition.
The Fifth District, also citing Lowder; has held cash on an individual’s person can be relevant in a trafficking case. Brown v. State, 766 So.2d 485 (Fla. 5th DCA 2000). We agree.
In asserting possession of cash is irrelevant when a trafficking charge is based on possession alone, appellant places too heavy an emphasis on the possession element of his underlying charge and overlooks the broader purpose and reasoning of the trafficking statute. The language of the trafficking statute establishes its purpose is to provide stricter penalties for those who distribute large quantities of drugs. § 893.135(l)(b), Fla. Stat. (2008). Under the statute, the State may charge an individual in possession of large amounts of drugs with trafficking even though he or she has not been caught red-handed in the sale or distribution of those drugs. This is so because the possession of large amounts of cocaine infers the intent to sell or distribute at some point. The term “traffic” itself means to “trade or deal in.” Black’s Law Dictionary, 1502 (7th ed. 1999). Thus, unlike mere possession cases, the cash is relevant to this trafficking charge.
Accordingly, appellant’s possession of $1000 cash at the time of his arrest does tend to prove appellant had or was intending to engage in distribution or sale of the large amounts of cocaine in his possession and we affirm the trial court’s holding on the matter. See Mosely v. State, 1 So.3d 261 (Fla. 4th DCA 2009) (noting cash found on defendant was irrelevant in a simple possession case because appellant was not charged with trafficking).
Finally, while reversal renders appellant’s written sentence and judgment invalid, we write to address an error in the judgment. Specifically, the written sentence included the following relevant provision: “X the defendant’s Drivers License shall be suspended for 2 years.” A trial court may not direct that a defendant’s license be suspended. See Parker v. State, 655 So.2d 1308, 1308 (Fla. 1st DCA 1995) (holding, per section 322.055, Florida Statutes, a trial court only has the authority to direct the Department of Highway Safety and Motor Vehicles to suspend a defendant’s license, but may not revoke the license itself); Crawford v. State, 651 So.2d 731 (Fla. 4th DCA 1995) (holding the same). For the foregoing reasons, we reverse appellant’s conviction and sentence and remand for further proceedings.
THOMAS, J., concurs; WEBSTER, J., concurs with opinion.

 Due to the heightened use of videotaping by law enforcement during traffic stops and the State's reliance on such footage as evidence for prosecutions, the State should be diligent in its efforts to carefully screen tapes prior to trial to avoid causing evidentiary issues similar to the one in the instant case.