[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12240
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00237-GAP-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON LYDELL ORR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 24, 2017)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

A jury found Jason Lydell Orr guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and the District Court sentenced him to a prison term of 90 months, well below the applicable Guidelines sentence range of 120 to 150 months' imprisonment.[1]  Orr appeals his sentence, arguing that the court erred by determining that his prior conviction for drug trafficking, under Fla. Stat. § 893.135(1)(b)(1), qualified as a controlled substance offense for the purpose of applying a base offense level of 24, pursuant to U.S.S.G. § 2K2.1(a)(2).

We review *de novo* whether a prior conviction qualifies as a controlled substance offense under the Sentencing Guidelines for purposes of applying § 2K2.1(a)(2).  *See United States v. Travis*, 747 F.3d 1312, 1314 (11th Cir.) (per curiam), *cert. denied*, 135 S. Ct. 148 (2014) (reviewing *de novo* whether a prior conviction qualified as a crime of violence under the Guidelines for purposes of applying § 2K2.1(a)(2)).

Under the Guidelines, a defendant convicted of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), ordinarily receives a base offense level of 14.  U.S.S.G. § 2K2.1(a)(6) & comment. (n3).  The base offense level increases to 24 where the defendant's conviction occurred after the defendant had sustained "at least two felony convictions of either a crime of violence or a controlled substance offense."  *Id.* § 2K2.1(a)(2).

---

[1]  The Probation Office's presentence investigation report fixed Orr's total offense level at 26 and his criminal history category at VI, resulting in the 120-150 months' sentence range.

2

For purposes of applying § 2K2.1(a)(2), a "controlled substance offense" is defined in the  Guidelines Manual as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id*. § 4B1.2(b).

We look at the elements of the convicted offense, not the conduct underlying the conviction, to determine if a prior conviction is a controlled substance offense under § 4B1.2(b).  *United States v. Lipsey*, 40 F.3d 1200, 1201 (11th Cir. 1994) (per curiam).  Recently, in *Descamps*, the Supreme Court reiterated that this categorical approach is used to determine whether a prior conviction qualifies as a predicate offense for sentence enhancement where a defendant's prior conviction was under an "indivisible" state statute with a single set of elements.  *Descamps v. United States*, __ U.S.__, __, 133 S. Ct. 2276, 2281–83, 2293, 186 L. Ed. 2d 438 (2013).  However, when the prior conviction was under a "divisible" statute—*i.e.* comprised of multiple, alternative versions of the crime—the sentencing court, "as a tool for implementing the categorical approach," may examine the limited class of *Shepard*[2]-approved documents to determine which of the statute's alternative elements formed the basis of the defendant's prior conviction.  *Id*. at __, 133 S. Ct.

---

[2] *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005).

at 2284–85.  "The modified approach thus acts not as an exception, but instead as a tool [and i]t retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime."  *Id.* at __, 133 S. Ct. at 2285.

At issue in this appeal is Fla. Stat. § 893.135(1)(b)(1), which provides, in pertinent part:

> "Any person who knowingly sells, purchases, manufactures, delivers, *or* brings into this state, *or* who is knowingly in actual or constructive possession of, 28 grams or more of cocaine . . ., commits a felony of the first degree, which felony shall be known as 'trafficking in cocaine[.]'"

Fla. Stat. § 893.135(1)(b)(1) (emphasis added).  Because the statute provides alternative elements of the crime of trafficking in cocaine, and some of the alternate elements do not meet the Guidelines' definition of controlled substance offense (*i.e.* "purchases"), it is divisible and, therefore, subject to the modified categorical approach.  *See Descamps*, 570 U.S. ___, 133 S. Ct. at 2284–85; *see also United States v. Shannon*, 631 F.3d 1187, 1188–90 (11th Cir. 2011) (recognizing the alternative elements in § 893.135(1)(b)(1) and concluding that, because the district court could not determine which statutorily-prohibited act established the conviction, it had to be assumed that the defendant had only purchased the cocaine, and, thus, the conviction did not meet the definition of controlled substance offense for purposes of being sentenced as a career offender under the Guidelines).

4

Although § 893.135 does not include an express element of intent, in *United States v. James*, 430 F.3d 1150 (11th Cir. 2005), we held that a conviction under § 893.135 for possessing between 200 and 400 grams of cocaine with intent to distribute qualified as a "serious drug offense" for purposes of the Armed Career Criminal Act (the "ACCA") because "Florida's drug trafficking statute necessarily infers an intent to distribute once a defendant possesses 28 grams or more." *Id.* at 1155–56. In reaching this conclusion, we relied upon our decision in *United States v. Madera-Madera*, 333 F.3d 1228 (11th Cir. 2003), which analyzed a similarly structured Georgia drug trafficking statute. *James*, 430 F.3d at 1154–55. We observed that Florida, like Georgia, has a three-tiered scheme for punishing drug-related offenses: "(1) possession of any amount of a controlled substance, Fla. Stat. § 893.13(6)(a); (2) possession with intent to distribute a controlled substance, § 893.13(1)(a); and (3) trafficking in cocaine by possession of 28 grams or more of the drug, § 893.135(1)(b)." *Id.* at 1154. We noted that, under both the Georgia and Florida statutory schemes, "the defendant must be in possession of a significant quantity of drugs, namely 28 grams, before the state deems the offense to be trafficking." *Id.* at 1154–55 (quotation marks omitted). Moreover, "drug trafficking is a more serious offense, and is punished more harshly, than either simple possession or possession with intent to distribute." *Id.* at 1155. We also observed that to hold that a defendant convicted of drug trafficking, the most

5

serious offense in the statutory scheme, was not subject to the ACCA, while a defendant convicted of the lesser offense of possession with intent to distribute was subject to the ACCA, would create an anomaly that was contrary to the ACCA's purpose. *Id*. at 1155; *see also Madera-Madera*, 333 F.3d at 1233–34 (discussing the potential anomalous result with respect to an enhancement under the Guidelines). Accordingly, we held that "Florida's drug trafficking statute necessarily infers an intent to distribute once a defendant possesses 28 grams or more," and, thus, James's conviction qualified under the ACCA. *James*, 430 F.3d at 1155–56; *see also Brunson v. State*, 31 So.3d 926, 930 (Fla. Dist. Ct. App. 2010) (observing that, under § 893.135, "the possession of large amounts of cocaine infers the intent to sell or distribute at some point").

We find no error in the District Court's determination that Orr's conviction under § 893.195 qualified as a controlled substance offense for purposes of applying a base offense level of 24, pursuant to § 2K2.1(a)(2). Because § 893.135 presents alternative elements to establish a violation, it is divisible and, thus, a modified categorical approach was appropriate to determine if Orr's conviction qualified as a controlled substance offense. *See Descamps*, 570 U.S. at ___, 133 S. Ct. at 2284–85. Accordingly, the court properly considered the plea colloquy transcript, which contained Orr's admission that he possessed more than 28 grams of cocaine. *See id*.

After the court established that Orr's conviction was premised upon possession of more than 28 grams of cocaine, it correctly applied the inference of intent to distribute, as set forth by *James*. *See James*, 430 F.3d at 1155. Because the prohibition of possession of cocaine with intent to distribute under § 893.135 meets the Guidelines definition of a controlled substance offense, the court properly applied a base offense level of 24. *See* U.S.S.G. §§ 4B1.2(b), 2K2.1(a)(2).

AFFIRMED.