613 So.2d 1319 (1993)
STATE of Florida, Petitioner,
v.
Warren A. JOHANS, Respondent.
No. 79046.
Supreme Court of Florida.
February 18, 1993.
*1320 Robert A. Butterworth, Atty. Gen. and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender; and M.A. Lucas and Kenneth Witts, Asst. Public Defenders, Daytona Beach, for respondent.
HARDING, Justice.
We have for review Johans v. State, 587 So.2d 1363, 1366 (Fla. 5th DCA 1991), in which the Fifth District Court of Appeal certified "conflict in regard to the form of relief afforded an appellant when the trial court fails to conduct the necessary Neil inquiry."[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. The district court noted conflict based upon this Court's approval in Reynolds v. State, 576 So.2d 1300 (Fla. 1991), of Parrish v. State, 540 So.2d 870 (Fla. 3d DCA), review denied, 549 So.2d 1014 (Fla. 1989) and Pearson v. State, 514 So.2d 374 (Fla. 2d DCA 1987), review dismissed, 525 So.2d 881 (Fla. 1988).
The State charged Warren Johans with burglary of a dwelling with an accompanying battery[2] and attempted sexual battery while armed.[3] During voir dire, the State peremptorily challenged the only African-American among the initial fourteen potential jurors drawn from the venire. Defense counsel objected to the State's challenge on the ground that the State was using its peremptory challenge in a racially discriminatory manner. In support of its objection, the defense noted that both the defendant and the challenged juror were African-American, that the victim was Caucasian, and that the charge of attempted sexual battery was historically emotionally charged when a defendant is African-American and the victim is Caucasian.
The State responded that it had used three of its peremptory challenges to strike Caucasians prior to challenging the African-American, and thus had not used its challenges in a racially discriminatory manner. In addition, the State argued that the defendant failed to meet the threshold burden imposed by Neil, which requires the complaining party to show that there is a strong likelihood the juror has been challenged solely on the basis of race. Thus, the State asserted that the trial court was not required to conduct a Neil inquiry.
The trial court concluded that, because the State had struck only one African-American, the defendant had not met the threshold burden required to trigger a Neil inquiry. Moreover, the trial court noted that because the venire contained other African-Americans that could be called as potential jurors, the defendant could raise the issue again if the facts showed the State was using its peremptory challenges improperly. Consequently, the trial judge allowed the State to strike the challenged juror without providing a racially neutral justification.
Nine more potential jurors were eventually examined and an African-American *1321 was selected from that group to serve as a juror. Johans' jury was made up of individuals selected from both groups that were examined. At the conclusion of the trial, the jury found Johans guilty as charged.
On appeal, the district court found that the trial court erred by failing to conduct a Neil inquiry upon the objection to the State's peremptory challenge of the African-American venire member. The district court reversed Johans' convictions and remanded for a new trial. However, the district court noted that conflict existed as to the proper form of relief under such circumstances, and thus certified the case to this Court.
In Florida, there is an initial presumption that peremptories will be exercised in a nondiscriminatory manner. Neil, 457 So.2d at 486. Consequently, we have held that a party concerned about the other party's use of peremptory challenges must make a timely objection, demonstrate on the record that the challenged person or persons are members of a distinct racial group, and show that there is a strong likelihood that those individuals have been challenged solely because of their race. Id. However, the case law that has developed in this area does not clearly delineate what constitutes a "strong likelihood" that venire members have been challenged solely because of their race. Compare State v. Slappy, 522 So.2d 18 (Fla.) (number alone is not dispositive, nor even the fact that a member of the minority in question has been seated as a juror or alternate), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988) with Reynolds v. State, 576 So.2d 1300 (Fla. 1991) (striking one African-American venire member who was sole minority available for jury service created strong likelihood).
Rather than wait for the law in this area to be clarified on a case-by-case basis, we find it appropriate to establish a procedure that gives clear and certain guidance to the trial courts in dealing with peremptory challenges. Accordingly, we hold that from this time forward a Neil inquiry is required when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner. We recede from Neil and its progeny to the extent that they are inconsistent with this holding.
Because our holding is prospective only in application, we must analyze the instant case under the Neil standard. The record shows that, as required by Neil, Johans' counsel made a timely objection and demonstrated on the record that the challenged person was a member of a distinct racial group. Therefore, the pertinent question is whether there was a showing of a "strong likelihood" that the venire member was being challenged solely because of race. The relevant issue in this inquiry is whether any juror has been excused because of his or her race, independent of any other juror. See Slappy, 522 So.2d at 21. Here, the State struck the only African-American venire member initially examined by both parties without any certainty that any African-Americans would be seated on the jury panel, thus creating, at best, doubt as to whether the threshold had been met. In Slappy, we stated that "any doubt as to whether the complaining party has met its initial burden should be resolved in [the complaining] party's favor." 522 So.2d at 22 (emphasis added). Thus, we find that even under the Neil "strong likelihood" standard the trial court erred in failing to conduct a Neil inquiry.
The State argues that because there were other African-Americans in the jury pool, and one African-American was eventually seated on Johans' jury, the trial judge did not err by failing to require the State to give a race-neutral reason for the strike. We reject this argument. A race-neutral justification for a peremptory challenge cannot be inferred merely from circumstances such as the composition of the venire or the jurors ultimately seated. The burden imposed on the party required to provide a race-neutral justification is, at worst, minimal. Reynolds, 576 So.2d at 1301. As this Court explained in Hall v. Daee:
It requires only a minute or two for a party to indicate valid, nondiscriminatory reasons for excluding a potential juror. *1322 Once articulated, the trial court is in the best position to evaluate the neutrality of the proffered reasons, and its conclusion in this regard will be accorded deference on appeal. However, where no inquiry is conducted, "[d]eference cannot be shown to a conclusion that was never made."
602 So.2d 512, 516 (Fla. 1992) (citation omitted) (alteration in original) (quoting Reynolds v. State, 576 So.2d at 1302).
This Court has acknowledged the fact that the peremptory challenge is "uniquely suited as a tool to mask true motives; and this mask becomes especially opaque when a peremptory strike eliminates the only minority venire member available for jury service." Reynolds, 576 So.2d at 1301. "Florida law [does] not require the improper use of peremptory challenges to be `systematic' in order to establish a prima facie case of racial discrimination." Hall, 602 So.2d at 515. We have also held that the proper time for exacting race-neutral reasons for striking a potential juror is during voir dire. Stokes v. State, 548 So.2d 188, 196 (Fla. 1989).
Under our decision today, the presumption of validity of peremptory strikes established in Neil is still the law in Florida. Furthermore, a peremptory strike will be deemed valid unless an objection is made that the challenge is being used in a racially discriminatory manner. However, upon such objection, the trial judge must conduct a Neil inquiry. See Blackshear v. State, 521 So.2d 1083, 1084 (Fla. 1988). As we noted in Blackshear, a hearing conducted well after the trial is untimely. Id. Thus, we hold that the proper remedy in all cases where the trial court errs in failing to hold a Neil inquiry is to reverse and remand for a new trial.
Accordingly, we approve the decision below and remand the cause for further proceedings consistent with this decision. We approve the opinion in Parrish, wherein the court reversed the conviction and remanded the cause for a new trial. We disapprove the opinion in Pearson to the extent it is inconsistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion.
McDONALD, Justice, concurring in part, dissenting in part.
I concur with the majority opinion except that portion which holds that the proper remedy in all cases where the trial court errs in failing to hold a Neil inquiry is to reverse and remand for a new trial. I believe that in circumstances where a trial judge failed to conduct an inquiry in violation of State v. Neil, 457 So.2d 481 (Fla. 1984), the cause should be remanded to the trial judge to conduct such a hearing. If circumstances, passage of time, or the evidence prevent a finding that the challenge was based on race neutral grounds, then a new trial should be ordered, but the affected party should be afforded an opportunity to factually determine that issue before a new trial is mandated.
If a Neil inquiry was conducted and the trial judge erroneously allowed a peremptory challenge to stand, then a new trial is required. This scenario is different from a no hearing situation.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla. 1984).
[2] §§ 810.02(1)-(2)(a), 784.03, Fla. Stat. (1989).
[3] §§ 777.04(1), (4), 794.011(3), Fla. Stat. (1989).