MICKLE, Judge.
Following a jury trial, Appellant, Stirley Jones, was found guilty of burglary of a structure and grand theft. He appealed his judgment and sentence on the grounds 1) that the trial court reversibly had erred by failing to conduct an adequate inquiry after the state peremptorily challenged three prospective jurors, and 2) that the habitual felony offender statute, section 775.084, Florida Statutes (1991), is unconstitutional. Finding that the trial court failed to evaluate completely the state’s reasons for its peremptory strikes, we are compelled to reverse and remand for a new trial. State v. Johans, 613 So.2d 1319 (Fla.1993); Roundtree v. State, 546 So.2d 1042 (Fla.1989); Mansell v. State, 609 So.2d 679 (Fla. 1st DCA 1992). Our disposition of the case based on the first issue makes it unnecessary to address any further the constitutional challenge.
Appellant is a black male. During the jury selection process in Union County, three black members of the venire indicated that they had some former or present connection with Appellant. Mr. Hogan’s wife’s niece formerly was married to Appellant, Hogan is a “pretty close friend” of one of the prospective witnesses, and Hogan is close to some of Appellant’s relatives through their church associations. Ms. Jefferson formerly was related to Appellant by marriage. Ms. Jones (unrelated to Appellant) is a friend of Appellant’s whole family.
The state moved to challenge for cause Hogan, Jefferson, Jones, and a fourth black prospective juror. The trial court allowed the excusal of the fourth venireperson but apparently accepted the other three jurors’ responses indicating that they could reach a fair decision based on the facts and the law. The state raised no objection specifically to the denials of its challenges for cause relating to Hogan, Jefferson, and Jones, nor has the issue been raised in a cross-appeal.
Instead, the state exercised peremptory challenges of those three individuals, who were the only remaining black members of the venire. Defense counsel timely objected and asked the trial court to require the state to give reasons for its challenges. Given those facts, we find that the defense met its initial burden of showing a strong likelihood that the strikes were racially based, thereby requiring the trial court to conduct an inquiry in accordance with the procedures set forth in the Florida Supreme Court’s then-recent opinion in State v. Johans, 613 So.2d at 1319. See State v. Slappy, 522 So.2d 18, 22 (Fla.) (once the objecting party establishes a prima facie showing that the challenging party has utilized peremptories in a *1163 racial discriminatory manner, the trial court must make the latter articulate reasons for the strikes), cert. den., 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); Reynolds v. State, 576 So.2d 1300 (Fla.1991) (trial court should have conducted “Neil inquiry” where state exercised peremptory challenge of only black venireperson); State v. Neil, 457 So.2d 481 (Fla.1984).
Under the circumstances, the state was obligated to provide a “clear and reasonably specific” racially neutral explanation of “legitimate reasons” for the use of its peremptory challenges. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); Slappy, 522 So.2d at 22. In attempting to rebut the inference that the use of its challenges was racially motivated, Roundtree, 546 So.2d at 1044, the prosecutor relied on “the same reasoning we asked them to be struck for cause, because they stated when questioned that they would allow their knowledge of [Appellant] to influence them in their decision making.” Thus, the state was troubled by what it characterized as the jurors’ equivocal responses to questions about the potential deleterious effects, if any, upon their deliberations as a result of their connections with Appellant or his relatives. The trial court allowed further voir dire of the three individuals. Although the state denied having any improper, racially motivated reason for its challenges, defense counsel reiterated his concern over the striking of all the remaining black jurors.
After the state explained its reasons, the trial court was required to examine the response carefully. In Slappy, the Florida Supreme Court described the trial court’s duty as follows: “Part of the trial judge’s role is to evaluate both the credibility of the person offering the explanation as well as the credibility of the asserted reasons. These must be weighed in light of the circumstances of the case and the total course of the voir dire in question, as reflected in the record.” 522 So.2d at 22. The state’s reasons cannot be accepted merely at face value by the trial court. Relying on the United States Supreme Court’s pronouncements set forth in Batson v. Kentucky, the court in Slappy held that “[i]n order to permit the questioned challenge, the trial judge must conclude that the proffered reasons are, first, neutral and reasonable and, second, not a pretext.” Slappy, 522 So.2d at 22 (emphasis added); Stephens v. State, 559 So.2d 687, 689-90 (Fla. 1st DCA 1990), affirmed, 572 So.2d 1387 (Fla.1991).
Although the state’s explanation was found to be facially reasonable and race-neutral, the trial court made no initial determination as to whether the reasons were nonpretextual. After the jury was selected but before it was sworn, the prosecutor informed the trial court about this omitted finding. The trial judge then expressly admitted that no such finding had been made on the issue of pretext and, indeed, the record indicates that no such finding ever was made. In its argument for affirmance, the state offers Lennon v. State, 560 So.2d 308 (Fla. 1st DCA) (affirming convictions where prosecutor had used peremptory challenges to excuse three black members of jury panel because of their close association or familiarity with the defendant and/or his family), rev. den., 574 So.2d 141 (Fla.1990). However, we find Lennon to be distinguishable factually in that we expressly found that the jury selection process there had met the requirements of State v. Neil. 560 So.2d at 308. In contrast, the case at bar compels the conclusion that the trial court failed to conduct a full and critical evaluation of the state’s reasons. Although the trial court’s determination as to the sufficiency of the state’s reasons ordinarily would be accorded deference on appeal, Hall v. Daee, 602 So.2d 512 (Fla.1992), such deference cannot be shown where the finding never was made. Reynolds, 576 So.2d at 1302. For that reason, we are constrained to hold that the trial court’s erroneous application of the law set forth in Neil, and developed further in Sloppy, Johans, and Mansell, compels reversal and a remand for a new trial.
REVERSED and REMANDED for a new trial.
BOOTH and BENTON, JJ., concur.