665 So.2d 1089 (1995)
Steven K. HOLIDAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-366.
District Court of Appeal of Florida, Third District.
December 20, 1995.
Rehearing Denied January 24, 1996.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, and Melodee Smith, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Sylvie Perez Posner, Assistant Attorney General, for appellee.
Before BARKDULL, NESBITT and GERSTEN, JJ.
*1090 NESBITT, Judge.
This case presents an issue which appears in this court with persistent regularity, that is, what threshold burden a party challenging the other party's use of peremptory challenges must meet before it is proper for the trial judge to conduct an inquiry under State v. Neil, 457 So.2d 481 (Fla. 1984), and its progeny. The defendant, Steven K. Holiday, claims that the lower court, based on an inadequate objection by the State, erroneously conducted a Neil inquiry of his reasons for challenging a juror.
During voir dire, the following exchange took place between the parties and the court:
[DEFENSE COUNSEL]: Your Honor, we strike Ms. Urrutia.
THE COURT: Margaret Urrutia, right. I have no idea if that is how we pronounce it, but it is a good try. Defense has utilized five peremptory challenges.
[PROSECUTOR]: Your Honor, as far as Ms. Urrutia is concerned, I ask for race and gender reason.

THE COURT: What reason do we have? Sir? (Emphasis added.)
At this point defense counsel proffered to the court his reasons for challenging juror Urrutia. Ultimately, the trial judge found no race or gender neutral reason for the challenge and the juror sat on the panel that convicted the defendant.
The Florida Supreme Court's pronouncement in Neil is our starting point. There the court held: "A party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race." Id. at 486 (footnote omitted). State v. Johans, 613 So.2d 1319 (Fla. 1993), eliminated the requirement that an objector demonstrate a "strong likelihood" that the juror in question was being challenged solely on account of their race. Preston v. State, 641 So.2d 169, 170 n. 3 (Fla. 3d DCA 1994). The Johans court held that "a Neil inquiry is required when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner." Johans, 613 So.2d at 1321. (emphasis added).
Recently, this court elaborated on the prima facie burden an objecting party must meet to satisfy Johans. In Cruz v. State, 660 So.2d 792 (Fla. 3d DCA 1995), we held that "in order to properly invoke a Neil inquiry the objecting party must make a timely objection, and create the fact-supported inference that a peremptory challenge is being used in a racially discriminatory manner." Id. (emphasis added). In that case, the state objected to the defendant's use of a peremptory challenge by stating: "Judge, at this time we would exercise  I mean we would ask the court to inquire regarding the reason for striking Ms. , what was the last one, Garcia-Kostik. The defense has now strike (sic) four Latin women." Id. (alteration in original). A Neil inquiry was warranted because: "[T]he State in the instant case went a crucial step further in its demand for a Neil inquiry by supplying a fact-supported predicate inference of a racially discriminatory peremptory challenge. This fact-based support was sufficient to meet the threshold Johans test for invoking a proper Neil inquiry." Id.
The foregoing demonstrates that an objector must do something more than merely objecting and requesting class, race, or gender neutral reasons. A party objecting to the other side's use of peremptory challenges must affirmatively do three things to properly trigger a Neil inquiry: (1) make a timely objection; (2) demonstrate on the record that the challenged person is a member of a distinct racial group, cognizable class, or gender; and (3) place on the record facts which reasonably indicate that a peremptory challenge is being used impermissibly. The deficiency in the objections that run through the cases is the failure to state "why" or "how" the peremptory challenge is being used in a discriminatory fashion. Once this has been done "any doubt as to whether the complaining party has met its initial burden should be resolved in that party's favor." State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). It is worth noting that although certain facts may be apparent to the court and *1091 counsel below, it is important that these facts be placed on the record so as to allow for meaningful appellate review.
We reach this view based on Johans and the general law regarding the dispelling of a presumption as follows: Johans continues to recognize that there is a presumption that a peremptory challenge is being properly employed. Johans eliminated the requirement that an objector demonstrate a "strong likelihood" that a peremptory challenge is being used solely on account of race, gender, etc. This does not mean, however, that an objector need not show any likelihood that a peremptory challenge is being so used. When a presumption exists in a party's favor, normally the opposing party must participate to dispel the presumption by making some showing. Again, the Johans opinion explicitly stated that "a Neil inquiry is required when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner." Johans, 613 So.2d at 1321 (emphasis added). Nonetheless, some have read the supreme court's opinion in Valentine v. State, 616 So.2d 971 (Fla. 1993), as having eliminated altogether the threshold burden an objecting party must meet to warrant an inquiry into the other's use of peremptory challenges. We do not so interpret Valentine. If we are incorrect, the Supreme Court, upon proper petition, will obviously correct us.
In the instant case, the state's bare request for race and gender neutral reasons was not enough to warrant the trial court's inquiry,[1]Portu v. State, 651 So.2d 791 (Fla. 3d DCA), review denied, 658 So.2d 992 (Fla. 1995); Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA), review denied, 659 So.2d 272 (Fla. 1995), and it was reversible error to disallow the challenge on the grounds that the reasons proffered were insufficient.
Consequently, we reverse and remand for a new trial.
NOTES
[1] In fact, the State's objection failed to demonstrate on the record whether juror Urrutia was a member of a distinct racial group or cognizable class. However, because the stated objection did identify her as to her gender, we analyze the sufficiency of the State's objection under the third prong of the previously mentioned test.