PER CURIAM.
In this direct criminal appeal, appellant challenges her conviction for grand theft. Because the trial court faded to conduct any Neil* inquiry, following a proper objection by appellant, as to one of five prospective black jurors peremptorily challenged by the state, we are constrained to reverse and re *1127 mand for a new trial. See, e.g., State v. Johans, 613 So.2d 1319 (Fla.1993) (upon proper objection, trial court must conduct Neil inquiry); Hall v. Daee, 602 So.2d 512 (Fla.1992) (voir dire is proper time for exacting race-neutral reason for peremptory challenges, and proper forum is trial court, not appellate court); Bryant v. State, 565 So.2d 1298 (Fla.1990) (state may not stand mute at trial and then argue on appeal that record demonstrates existence of race-neutral, non-pretextual reasons for peremptory challenge); Thompson v. State, 548 So.2d 198 (Fla.1989) (upon proper objection, trial court must question state as to all peremptory challenges exercised against blacks).
REVERSED and REMANDED, with directions.
ERVIN, BOOTH and WEBSTER, JJ., concur.

 State v. Neil, 457 So.2d 481 (Fla. 1984).