PATTERSON, Judge.
Daniel Czaja appeals from his judgment and sentence that arose from a fatal traffic ' accident. Czaja was charged with one count of DUI manslaughter and two counts of driving under the influence with serious bodily injury. His jury trial commenced on October 17, 1994. During the course of voir dire, Czaja attempted to make a peremptory strike of juror Monroe. The following exchange occurred:
[DEFENSE COUNSEL]: I would then strike Mr. Monroe, Judge.
[PROSECUTOR]: I would raise a Neal [sic] challenge at this time because this particular juror did not give any biased opinions.
THE COURT: Okay. What reason do you have?
*177 [DEFENSE COUNSEL]: Judge, his wife is a law enforcement officer.
The trial court sustained the state’s objection to the peremptory strike. Czaja argues that the state’s objection was insufficient to invoke a Neil[1] inquiry, and if it was sufficient, it was nonetheless error to sustain the objection. We agree and reverse.
In State v. Johans, 613 So.2d 1319, 1322 (Fla.1993), our supreme court clarified what is necessary to invoke a Neil inquiry, saying:
Under our decision today, the presumption of validity of peremptory strikes established in Neil is still the law in Florida. Furthermore, a peremptory strike will be deemed valid unless an objection is made that the challenge is being used in a racially discriminatory manner.
The state’s objection fails to refer to race or discrimination and does not meet the minimum threshold.
Even if the objection were sufficient to trigger a Neil inquiry, Czaja’s counsel gave a reasonable and specific reason to meet the requirements of Johans and Neil. A close relationship between the juror and a law enforcement officer is a race-neutral reason for exercising a peremptory strike. See Alexander v. State, 643 So.2d 1151 (Fla. 3d DCA 1994). Once defense counsel has given a race-neutral reason for the strike, the trial court has the duty to determine “whether the opponent of the strike has proved purposeful racial discrimination.” Purkett v. Elem, — U.S. -, -, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834 (1995). Nothing in the transcript reveals that the trial court considered this issue. Therefore, we reverse and remand for a new trial.
Reversed and remanded.
CAMPBELL, A.C.J., and QUINCE, J., concur.

. State v. Neil, 457 So.2d 481 (Fla.1984), receded from in part by State v. Johans, 613 So.2d 1319 (Fla.1993).