694 So.2d 759 (1997)
Barclay Gaylan HARRISON, Jr., and Bob Dean Supply, Appellants,
v.
Marcus EMANUEL, Appellee.
No. 96-0801.
District Court of Appeal of Florida, Fourth District.
April 9, 1997.
Rehearing, Rehearing, and Certification Denied June 20, 1997.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellants.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, and Lorenzo Williams and Paul P. McMahon of Gary, Williams, Parenti, Finney, Lewis & McManus, P.A., Ft. Pierce, for appellee.
Rehearing, Rehearing En Banc, and Certification Denied June 20, 1997.
STEVENSON, Judge.
This is an appeal from a jury verdict in a personal injury action awarding appellee, Marcus Emanuel, $292,324.63 for injuries sustained in a rear-end automobile accident. The sole issue on appeal is whether the trial court, during voir dire, erred in prohibiting the defense from exercising a peremptory strike against the lone black juror on the venire. We affirm.

JURY SELECTION
During voir dire, defense counsel attempted to remove Lawrence Jenkins, juror # 4, by peremptory challenge. Mr. Jenkins was the only black venireperson. Earlier, Mr. Jenkins explained that he is a retired music teacher. He had served on a jury in a prior civil case. Neither he, nor anyone in his family, has been a party in a lawsuit. When the plaintiff's attorney asked for a show of hands to see who had been involved in an automobile accident, Mr. Jenkins indicated that he had. Mr. Jenkins elaborated: "Oh, brother. It's been some years ago. I can't *760 think of the year. But it was on I-95. I was rear-ended on I-95." There was no more inquiry into this accident.
Later, the following exchange took place:
THE COURT: Now, Mr. Beasley [defense counsel], any peremptory challenges ... ?
[DEFENSE]: Yes. Lawrence Jenkins.
THE COURT: Mr. Jenkins is challenged. Mr. Williams, is there anyis somebody going to make an inquiry? This is our only black juror.
[PLAINTIFF'S COUNSEL]: I was going to ask a reason for the challenge. I was trying to properly phrase it, but you're more direct than me.
I don't see anything out there that he said one way or the other to indicate that he should be removed from this panel.
THE COURT: Mr. Beasley, can you give me a race neutral basis for Mr. Jenkins being excused?
[DEFENSE]: Yes, your Honor.
THE COURT: What is it?
[DEFENSE]: Mr. Jenkins said he was involved in a rear-end accident on I-95. This is also a rear-end accident. He was the one who was rear-ended. I think that would create some sympathy in his mind in this case.
THE COURT: I'm going to deny your peremptory challenge, Mr. Beasley. I don't find that to be a race neutral basis. There is no indication that he had any bias or prejudice in that regard.
[DEFENSE]: I don't have to prove bias or prejudice, Judge. I think that he is a rear-end plaintiff. That's alone enough for me to create my challenge, and that's a race neutral challenge.
THE COURT: I don't find it race neutral. I won't dismiss him.
. . . . .
THE COURT: Let the record reflect that Mr. Jenkins, Lawrence Jenkins, is a juror at this point in time. He's now become juror number three. He is an African American. That the
[DEFENSE]: Judge, there's been no testimony that he's an African American.
THE COURT: Let the record reflect the Court takes judicial notice that he is a black man, and the plaintiff is a black person, so the record is clear on this issue.

DISCUSSION
In State v. Neil, 457 So.2d 481 (Fla.1984), the supreme court established a procedure for the trial court when the issue of racemotivated peremptory challenges arises. The procedure has evolved since then, and was recently clarified:
A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.
At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.
Melbourne v. State, 679 So.2d 759, 764 (Fla.1996)(emphasis added).

PROPER OBJECTION?
We reject appellant's contention that the plaintiff never raised a proper objection to the peremptory challenge of juror Jenkins so as to trigger a Neil inquiry. The objection in this case was very similar to the one raised in Melbourne:
[t]he entire text of defense counsel's objection reads as follows: "I would raise a *761 Baxter Johans challenge, JOHANS. He's a black man...."
679 So.2d at 765.
Justice Shaw, writing for the majority in Melbourne, explained that this objection satisfied prongs (a) and (b) of the objecting party's initial burden: "Giving these words their plain meaning, defense counsel seemed to be voicing a general objection on racial grounds to the State's strike." Id. Thus, the supreme court made it clear that no magic words are required so long as the party objecting timely communicates to the court and the opposing side an objection to the allegedly improper use of a peremptory challenge on the basis of race. Likewise, plaintiff's counsel in this case raised a sufficient objection in agreeing that an inquiry was needed into the exclusion of "the only black juror." While the objection in Melbourne was deficient in its failure to include a request for a race-neutral reason for the strike (prong (c)), id., plaintiff's counsel in this case expressly sought "a reason for the challenge."
In concluding that plaintiff's counsel raised an adequate objection, we note that "any doubt concerning whether the objecting party has met its initial burden must be resolved in that party's favor." State v. Holiday, 682 So.2d 1092, 1093 (Fla.1996). Furthermore, the evolution of the Neil procedure has included a streamlining of this initial burden. In State v. Johans, 613 So.2d 1319, 1321 (Fla.1993), the court clearly did away with any burden by the objecting party to demonstrate a prima facie case of a "strong likelihood" of discrimination. Finding this initial burden unmanageable, the supreme court in Johans replaced it with "a procedure that gives clear and certain guidance to trial courts in dealing with peremptory challenges." Id. Thus, Johans held that a Neil inquiry is required whenever an objection is raised that a peremptory challenge is being used in a racially discriminatory manner:
In our recent opinion in State v. Johans, 613 So. 2d 1319 (Fla.1993), we eliminated the requirement of making a prima facie showing of a strong likelihood of discrimination and held that henceforth a Neil inquiry must be initiated whenever such an objection is made.
Taylor v. State, 638 So.2d 30, 31 n. 1 (Fla.)(emphasis added), cert. denied, 513 U.S. 1003, 115 S.Ct. 518, 130 L.Ed.2d 424 (1994); see also State v. Holiday, 682 So.2d 1092, 1093 (Fla.1996)("Once a party makes a timely objection and demonstrates on the record that the challenged persons are members of a distinct racial group, the trial court must conduct a routine inquiry."); Melbourne, 679 So.2d at 764 n. 5 ("Johans eliminated the requirement that the opponent of the strike make a prima facie showing of racial discrimination.").
Melbourne explains that Florida courts have had trouble applying Johans, and as an example of this difficulty, Melbourne cites a third district opinion, which held that "an objector must do something more than merely objecting." 679 So.2d at 763 n. 1 (citing Holiday v. State, 665 So.2d 1089, 1090 (Fla. 3d DCA 1995), quashed, 682 So.2d 1092 (Fla. 1996)). Melbourne goes on to clarify that the objecting party's initial burden does not include any prima facie showing of discrimination. The only requirements are: (a) that the objection be timely; (b) that the objecting party show that the venireperson is a member of a distinct racial group; and (c) that the objecting party request the court to ask the striking party its reason for the strike. 679 So.2d at 764.
Furthermore, we see no impropriety in the trial court prompting plaintiff's counsel to at least raise an objection to a potential racially motivated peremptory strike. Indeed, this practice should be encouraged rather than deterred. As our supreme court stated in Files v. State, 613 So.2d 1301, 1305 (Fla.1992),
[appellate courts] must rely on the superior vantage point of the trial judge, who is present, can consider the demeanor of those involved, and can get a feel for what is going on in the jury selection process. It is difficult, if not impossible, to establish a strict rule of law in this sensitive area and still "achieve the delicate balance between eliminating racial prejudice and the right to exercise peremptory challenges." Reed [v. State, 560 So.2d 203, 206 (Fla. *762 1990)]. The responsibility to apply these principles properly and eliminate racial prejudice in our jury selection process rests largely on our trial judges.
(emphasis added).

A "GENUINE" REASON TO STRIKE?
We cannot conclude that the court abused its discretion in denying the peremptory strike even though the defendants came forward with a facially race-neutral explanation: that Mr. Jenkins had been involved in a car accident in the past where he had been rear-ended like the plaintiff in this case. See Smellie v. Torres, 570 So.2d 314 (Fla. 3d DCA 1990)(juror's past involvement in car accidents was a race-neutral basis to exclude him in the present car accident case), rev. denied, 582 So.2d 624 (Fla.1991); Adams v. State, 559 So.2d 1293 (Fla. 3d DCA)(juror's past involvement in similar incidents was race-neutral explanation), dismissed, 564 So.2d 488 (Fla.1990).
Presented with a facially race-neutral explanation, the court's task was not to assess the reasonableness of this explanation, but to determine its genuineness; that is, whether or not the stated explanation was pretextual. Melbourne, 679 So.2d at 764.
Despite the apparent "reasonableness" of the proffered reason for the strike, the ruling indicates that the trial judge believed that defense counsel's true motivation was racebased: that Mr. Jenkins would sympathize with the plaintiff due to their common race. Thus, the trial judge necessarily determined that the reasons proffered for the strike against Mr. Jenkins were not genuine. See Thomas v. State, 502 So.2d 994, 996 (Fla. 4th DCA)(although trial judge did not actually make the finding of a strong likelihood of discrimination required under Neil, the record supported the exercise of the court's discretion), rev. denied, 509 So.2d 1119 (Fla. 1987).
A trial judge is to presume that peremptory challenges are exercised race-neutrally. Melbourne, 679 So.2d at 764-65. However, a judge's determination that the stated explanation was pretextual "turns primarily on an assessment of credibility" and is to be upheld on appellate review unless clearly erroneous. Id. (emphasis added). Melbourne provides some examples of circumstances that can defeat the presumption of raceneutrality:
Relevant circumstances may includebut are not limited tothe following: the racial make-up of the venire; prior strikes exercised against the same racial group; a strike based on a reason equally applicable to an unchallenged juror; or singling the juror out for special treatment.
Id. at 764 n. 8.
The supreme court listed similar factors in State v. Slappy, 522 So.2d 18, 22 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), and also included a consideration of whether the juror had not been examined or had been examined only in a perfunctory manner.
In this case, these factors support the trial judge's conclusion. Mr. Jenkins was the only black venireperson, and he was the only juror peremptorily challenged by defense counsel.[1] This alone is sufficient to uphold the trial judge's decision. See Reynolds v. State, 576 So.2d 1300 (Fla.1991)(striking the only African-American venire member created strong likelihood that juror was challenged solely because of race).
The reason advanced for the challenge is also dubious. Mr. Jenkins had indeed been rear-ended years before, but other unchallenged jurors had also been involved in car accidents. Juror # 2, Marie Holt, who was not challenged, had previously been involved in a car accident case where the other party was then prosecuted for a traffic violation. She also has a family member in a pending lawsuit. Juror # 3, Ms. Reynolds, had been involved in a car accident "many years ago" where both parties were at fault. The case was settled out of court. Furthermore, after *763 it was revealed that Mr. Jenkins had been in a rear-end accident, defense counsel never questioned Mr. Jenkins further. Counsel did not inquire into whether Mr. Jenkins would be biased by this event.
Accordingly, we cannot conclude, by our review of this record, that the trial court's finding that Mr. Jenkins was challenged due to his race was clearly erroneous.
AFFIRMED.
GROSS, J., concurs.
FARMER, J., dissents with opinion.
FARMER, Judge, dissenting.
I disagree with the majority. The record suggests that the issue of racially motivated peremptory striking of a single juror was raised not by any party, but by the trial judge. In response to the strike of the juror the trial judge said: "Is somebody going to make an inquiry? This is our only black juror." Opposing counsel then responded as follows:
"I was going to ask a reason for the challenge. I was trying to properly phrase it, but you're more direct than me. I don't see anything out there that he said one way or another to indicate that he should be removed from this panel."
I read both Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995), and Melbourne, v. State, 679 So.2d 759 (Fla.1996), to require that the objecting party "[make] out a prima facie case of racial discrimination (step 1)," as the first step in the process of challenging a peremptory strike of prospective juror on the grounds that it was invidiously exercised. Purkett, 514 U.S. at 766, 115 S.Ct. at 1770; Melbourne, 679 So.2d at 764 (following Purkett); see also Rivera v. State, 670 So.2d 1163 (Fla. 4th DCA 1996) (objection "[w]e would ask for a gender-neutral reason" held insufficient).
I should also add that the necessary consequence of today's decision is to require the party to state a non-racial and non-sex reason for the exercise of every peremptory challenge. If the kind of bare challenge to the first excused member of that race and sex as was done in this casei.e., merely asking for a non-invidious reason for the exercise of the peremptory challenge amounts to a legally sufficient Neil and Slappy objection under Melbourne, then any time a prospective juror is peremptorily excused, there is a prima facie case that the excusal was founded on the juror's racial and sex classification. Every prospective juror belongs to some racial and sex classification. We might just as well take the last step and end all peremptory challenges and allow only challenges for cause.
Because the opponent of the strike in this case failed to state a legally sufficient objection, I would reverse.
NOTES
[1] Defense counsel sought to exclude only one other person, Mr. Budd, who was excused for cause. Budd is an ex-police officer who so strongly believes that many lawsuits are filed frivolously that he feels his own son's pending injury lawsuit, where the son's wife and child were injured, is frivolous. He feels that only "very, very seriously injured" people should file personal injury lawsuits.