PER CURIAM.
Dontavio Johnson appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse that portion of the trial court’s order which denies Johnson’s claims that his trial counsel was ineffective for failing to object to the State’s peremptory challenge of a prospective black juror and for improperly waiving his right to a Neil[1] inquiry. We affirm the balance of the order without discussion.
In denying Johnson’s claims, the trial court determined that Johnson’s counsel was not ineffective because he objected to the State’s peremptory strike. The trial court attached one page of the trial transcript. The single page excerpt shows that Johnson’s counsel objected, but the trial judge did not rule on the objection. The State then asked the judge if he had heard counsel’s objection, to which the *62 judge responded, “I heard him. He didn’t make a...The conclusion of the trial judge’s statement is on the next page of the transcript which is not attached. The incomplete record before us fails to conclusively refute Johnson’s claims.
In State v. Neil, 457 So.2d 481 (Fla.1984), the supreme court established a procedure for the trial court to follow when the issue of race-motivated peremptory challenges arises. Since Neil, the procedure has evolved and is now established as: “A party objecting to the other side’s use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike.” Harrison v. Emanuel, 694 So.2d 759, 760 (Fla. 4th DCA 1997). If these requirements are met, the court must ask the proponent of the strike to explain the reason for the strike. The burden then shifts to the proponent of the strike to come forward with a race-neutral explanation. If the explanation is facially race-neutral, and the court believes that the explanation is not a pretext, the strike will be sustained. The court’s focus is not on the reasonableness of the explanation, but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination. See id. (citing Melbourne v. State, 679 So.2d 759, 764 (Fla.1996)).
A Neil inquiry is required when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner. See State v. Johans, 613 So.2d 1319, 1321 (Fla.1993) (holding “from this time forward a Neil inquiry is required when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner”). The incomplete record attachments fail to conclusively refute Johnson’s ineffective assistance of counsel claims for failing to follow these standards and for waiving his right to a Neil inquiry.
Accordingly, the trial court is directed to reconsider these claims, and either attach portions of the record that conclusively refute them or conduct an evidentiary hearing on them.
Affirmed in part, reversed in part, and remanded.
FULMER, A.C.J., and CASANUEVA and DAVIS, JJ., Concur.

. State v. Neil, 457 So.2d 481 (Fla.1984).