SCHWARTZ, Senior Judge
(specially concurring in part).
I acknowledge, but regret, that we are forced by Melbourne v. State, 679 So.2d 759 (Fla.1996), and State v. Holiday, 682 So.2d 1092 (Fla.1996), to require that this distressing case be tried again, notwithstanding that the verdict is supported by evidence to a moral certainty that the defendant is guilty of a hideous crime, and was infected by no error which could have conceivably affected his substantial rights. In my opinion, these cases reduce the noble idea reflected in Neil[4] and Batson,[5] that peremptory challenges, like everything else in our justice system, may not be employed to effect a discriminatory purpose, to a formalistic rite in which any misstep from the intricate choreography prescribed by the cases requires reversal. And this is true even when, as here, it is beyond all doubt both that the challenges in question were not motivated by racial prejudice and that no hint of any such prejudice infected the jury which actually tried the appellant. See also Busby v. State, 894 So.2d 88 (Fla.2004). But see Busby, 894 So.2d at 105 (Bell, J., concurring in part, dissenting in part); Holiday, 682 So.2d at 1095 (Anstead, J., specially concurring); Holiday v. State, 665 So.2d 1089 (Fla. 3d DCA 1995), decision quashed, 682 So.2d 1092 (Fla.1996); Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA 1995), review denied, 659 So.2d 272 (Fla.1995); cf. United States v. Martinez-Salazar, 528 U.S. 304, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000)(error in overruling cause challenge not reversible where defendant used peremptory challenge to remove juror and impartial jury decided cause); Ross v. Oklahoma, 487 U.S. 81, 88, 108 S.Ct. 2273, 2278, 101 L.Ed.2d 80 (1988)(“So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated.”); Dunaway v. State, 90 Fla. 142, 143, 105 So. 816, 816 (1925)(“As a matter of right, defendant was entitled to no particular jury or jurors to try his ease. He was entitled to a fair and impartial jury, and it is not claimed or intimated that the jury finally selected and sworn and by whom defendant was tried was not all that the law required.”).
Although we are of course bound to the result, see Van Horn v. State, 485 So.2d 1380 (Fla. 3d DCA 1986), approved, 498 So.2d 426 (Fla.1986), I cannot but express my dismay that this is the law. See Lewis v. State, 597 So.2d 842, 844 (Fla. 3d DCA 1992)(Schwartz, C.J., specially concurring), decision quashed, cause remanded, 629 So.2d 102 (Fla.1993); Van Horn, 485 So.2d at 1381 (Schwartz, C.J., dissenting).
SHEPHERD, J., concurs.

On Motion for Certification

PER CURIAM.
The state’s motion for certification of questions of great public importance is *994 granted. The Court certifies to the Supreme Court of Florida that this decision involves -the following questions of great public importance:
1. Whether an objection to a peremptory challenge under Melbourne v. State, 679 So.2d 759 (Fla.1996), is sufficient to mandate an inquiry when the objection fails to allege with specificity that the peremptory challenge is racially motivated.
2. Whether the Supreme Court should reconsider its decision in Melbourne in light of serious problems in Florida’s trial courts regarding the application of Melbourne and in light of the recent decision of the Supreme Court of the United States in Johnson v. California, — U.S. -, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005).
Moreover, to the extent appropriate, it is also certified that the case involves the questions of great public importance put in Whitby v. State, — So.2d -, - (Fla. 3d DCA Case no. 3D04-1770, opinion filed, Feb. 15, 2006)[31 Fla. L. Weekly D482, D484], 2006 WL 335480.
Motion granted, questions certified.

. State v. Neil, 457 So.2d 481 (Fla.1984).

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).